## SUPREME COURT.

### WILLIAM H. SACKETT agt. JOHN P. BALL.

In determining whether or not an allowance should be made under the provisions of the 308th section of the code, (ten per cent.) Each case must necessarily depend upon its own peculiar features and circumstances. No rule can well be established to aid the court in its discretion.

Now, such applications must be made before the justice who tried the cause, or rendered judgment therein. (See New Rule 86.)

Where in a cause, in which it was evident that the litigation had been severe and protracted, although no serious or difficult questions of law or of fact were involved, the allowance was denied, for the reason that another cause involving the same questions was tried at the same time, and it seemed that both might have been joined in one action and saved the defendant one bill of costs.

*Albany Special Term, August* 7, 1849.—This was an application for an additional allowance for costs under the 308th section of the amended code. The action was for taking a quantity of flax. It was tried by a referee. The plaintiff, in his summons and complaint, claimed to recover $500. The referee reported in his favor to the amount of $424. The affidavit upon which the motion is founded states that about *eight days* were occupied in taking the testimony and several days more in the argument of a motion for a non-suit, and when that had been denied, in arguing the cause upon the evidence. The affidavit further states that an *extraordinary* amount of evidence was taken, and that, on account of the nature of the case and the "vigor and spirit" of the defence, the trial was *extraordinarily* expensive—that the plaintiff's expenses, over and above what is taxable, amount to at least $300. It also appeared that another suit, involving substantially the same questions, and which had been brought before the code took effect, was tried at the same time, by the same referee; and that in the latter suit the plaintiff also recovered.

G. STOW, *for plaintiff.*

R. W. PECKHAM, *for defendant.*

HARRIS, Justice.—No guide has been furnished by the Legislature by which to determine what are, and what are not "difficult or extraordinary cases." From the very nature of the question, it seems impossible to establish a rule, which will aid the court in determining whether or not an allowance should be made, under the provisions of the 308th section. Each case must, I think necessarily, depend upon its own peculiar features and circumstances—and, what is perhaps more to be regretted, upon the peculiar views and the uncontrolled discretion of the particular judge

before whom the application may happen to be made. Of course, allowance, under this provision of the statute, must be uncertain and fluctuating. After the trial of every litigated case, it may be expected that it is to be reviewed upon a motion by the prevailing party for the allowance of a per centage. Such, however, is the will of the Legislature, and it is the duty of the court to execute that will as best they can. The evil to which I have ventured to allude has, I think, been somewhat mitigated, by the rule just adopted, requiring such applications to be made before the judge who tried the cause or rendered judgment therein. The knowledge he must have acquired of the nature and merits of the controversy, will essentially aid him in making a just determination upon the question of costs; but even that rule does not reach a case like that before me, where a judgment has been rendered upon a report of a referee.

Generally, I am inclined to think, the court, in determining such questions, will be influenced more by the difficulty and intricacy of the questions involved than the time occupied in the litigation—and yet I think it may be inferred, from the new provisions added to the section in the amended code, that the Legislature contemplated a reference to the number and length of the proceedings in an action, as well as the intrinsic difficulty of the questions, in determining upon the allowance. Otherwise I cannot see why special provision should be made for an allowance in cases of partition, foreclosure, &c. So that, after all, I am obliged to leave the question where I commenced with it, each case to be determined by its own peculiar circumstances and the peculiar views of the judge, before whom the application is made, upon the subject of costs.

In this case, the litigation was evidently severe and the trial protracted. It does not appear, however, to have involved any questions of law or of fact, of very serious difficulty. I should infer, from the papers before me, that it was the ordinary question, as to which of the parties had the better title to the property. Two causes, involving the same questions, were tried together. The plaintiff therefore recovers two bills of costs when it would seem that both causes of action might properly have been embraced in the same suit. If there had been but one action I should have felt inclined, from what appears in this case, to make the allowance asked for. But the defendant is already chargeable with two bills of costs for trying substantially the same questions. I think this is enough. The motion is therefore denied, but without costs.