Jones, J.
The law under which .the courts are authorized to grant extra allowances, restricts the sum. that can be allowed to five per cent on either the amount of the recovery; or the amount of the claim; or the amount of the subject matter involved. (Code, § 309.)
In this case there was no recovery; therefore there is no amount of recovery on which a per centage can be granted.
The claim on the amount of which a per centage can be allowed is, as I understand it, the sum which the plaintiff states in his complaint as being the amount which he seeks to recover. In this case no sum is mentioned in the complaint. The plaintiff seeks and asks for such sum as may be found due him, on an accounting. In this aspect there is no data for computing the per centage.
Unless, then, the subject matter involved furnishes data, no allowance can be made.
*579 This raises the question as to what the subject matter involved is. The subject matter involved is that which is to be directly affected by the action. . (The People v. Albany and Vermont Railroad Co., 16 Abb. 465.) The subject matter to be directly affected by this action is the 1.40th part of the profits made by the defendants out of the transaction alleged in the complaint, less some $6900. This is all the plaintiff seeks ,to recover, and it is to protect themselves from this alleged liability only that the defendants are called on to defend this action; and it is only to obtain such protection that they have in fact defended the action.
The liability to pay the above mentioned proportion of profits constitutes the dispute between the parties to this action, and the amount of such proportion is the only amount involved. I have been unable to find any data upon which to fix this amount. ■ c
The defendants’ ■ counsel claims that' the subject matter-involved is the share claimed by the plaintiff to belong to him; and that the amount upon which the per centage is to be computed is the value of this share. This is in fact but expressing the above idea in different.phraseology. That share would be the 1.40th part of the whole, and its value is the exact amount of the profits to which the owner of it would be entitled.
I am unable to ascertain, from the papers before me, what would be the 1.40th part' of all the profits after deducting the sum of $6900; or, in other words, what would be the value of this share to an owner standing in the same relative position thereto as this plaintiff does. The par value (if it can be so called, that is, the total amount which each subscriber was called on, under the articles of association, to pay on each share; the amount to which they were liable to be called upon not being limited by the articles) is no test; for unless the profits equalled that amount, of course the share could not be "worth it. It is *580 different from the case of a bond or other instrument purporting on its face to be worth a certain sum. There, generally, (although, perhaps, not in all cases,) the sum so mentioned would be deemed prima facie to be the value of the right or interest represented by the instrument. Here a number of persons agree to join forces, and each advance in certain proportions sufficient sums for the purpose of carrying out a certain project, depending wholly on its ultimate success for their reimbursement and profit.
It may, however,, be said that as the plaintiff offered to pay the balance due from him on his interest, to wit, $6900, to be reinstated as a subscriber, that fact shows the value of the shares to be at least $6900. This may be so. That fact may be sufficient, as against the plaintiff, to show that a paid up interest is worth $6900. But the question is*not as to the value of other interests, which may or not be paid up, but is as to the value of the interest which is not paid up by $6900. Suppose this plaintiff wanted to sell his interest, what could he get for it. The person who purchased would have to pay to the other associates $6900, and for it would receive back the sum of $6900. Would he, under these circumstances, give any thing for this interest ? Would it not be valueless?
But it may he urged that he could not have afforded to pay this balance, unless he expected to receive back a greater sum. That may also be true. But how much is this, greater sum ? It does not appear from the evidence.
I think this motion must be denied, on the ground that there are no data from which to ascertain any amount to calculate the per centage on. Having come to this conclusion, I have not considered any of the other questions.
Motion denied, without prejudice to renew it on further papers showing the amount of the l-40th part of the *581 net profits. And as in the above cited case of The People v. The Albany and Vermont Railroad Co., it is held that where an action is brought to obtain an injunction, the value of the property sought to be affected by the injunction will furnish the amount on which a per centage can be given, such further" papers may also show the value of the property sought to be affected by the injunction prayed for; so that the question whether it is proper to give a per centage on the amount may be raised.