BURKE and others *vs.* CANDEE.

In an action brought for the purpose of having certain deeds of lands worth $30,000, declared to be mortgages, and that the defendant held the title as trustee, the referee found against the plaintiffs, and reported that the deeds were absolute and vested the fee in the defendant, free of any trust or condition. On a motion by the defendant for an additional allowance:

*Held*, 1. That the case came within the provisions of section 309 of the Code, as it now stands amended.

2. That the basis of estimate was the value of the property directly *affected* by the judgment; that being the "subject matter involved."

An additional allowance is made by way of an *indemnity* to the party succeeding in the litigation.

The court must fix the amount to be allowed. Subject to the limitation in the statute, that the maximum shall not exceed five per cent "on the amount of the recovery or claim or subject matter involved," the sum will depend upon the proper deductions from the proofs submitted as to the indemnity needed for *actual expenses* in the action, necessarily or *reasonably* incurred beyond the taxable costs allowed by statute to the prevailing party.

Where the value of the property sought to be affected by the judgment was $30,000, and the law of trusts and trustees was involved in and considered in connection with the evidence, at the hearing and upon the argument of the cause; the trial before the referee continued thirty days; a large number of witnesses were examined, and numerous pieces of documentary evidence and private writings were produced and examined; and besides the time so occupied before the referee, the counsel spent about the same number of days in preparing the cause for trial; and the fees of the referee were $875; *Held* that this was a case both "extraordinary" and "difficult" in its features, within the section of the Code permitting a further allowance to be made to the prevailing party.

The case of *The Atlantic Dock Company* v. *Libby*, (45 *N. Y.* 499,) commented on and distinguished.

MOTION for an additional allowance, after a hearing before a referee and a report in favor of the defendant. The action was to declare deeds of lands worth $30,000 to be mortgages, and that the defendant held the title as trustee, &c.

*Geo. N. Kennedy*, for the motion.

*James Noxon*, opposed.

Burke *v.* Candee.

HARDIN, J.   This action was brought to declare several deeds held by the defendant mortgages; and the referee has found against the plaintiffs, and that the deeds were absolute and vested the fee in the defendant, free of any trust or condition.

Had the plaintiffs succeeded, they might have asked a sale of the premises, and a payment to the defendant of the amount which should have been adjudged due the defendant, and that the balance of the proceeds be paid to the plaintiffs as owners of the equity of redemption. (*Horn* v. *Keteltas,* 46 *N. Y.* 605.)

The learned counsel for the plaintiffs insists that this was not an " action for the recovery of money," as the terms are used in the Code; and in that, he is correct.

The language of section 309, as it now stands, allows the " court, in its discretion, to make a further allowance upon the *amount of the recovery* or claim or *subject matter involved.*" It has been held that the discretion conferred upon the court may be reviewed in general term, but not in the Court of Appeals, unless it appears to have been exercised upon an erroneous principle. (*The People* v. *N. Y. Central R. R. Co.,* 29 *N. Y.* 420. *Atlantic Dock Co.* v. *Libby,* 45 *id.* 499.)

In the last cited case, the action was to restrain the carrying on of a certain kind of business, and to recover $1000 damages. The allowance in the court below was based upon *the value of the property affected* by the *business* sought to be restrained; and the chief judge, at page 504, states " there was nothing *to show* that they (the premises) are *not* as valuable for other purposes as for the business which has been carried on, and the *title of the defendants* is not *affected* or *impaired* by the judgment." The opinion is urged upon this court to show that this case comes within the rule there laid down. But that case is wholly unlike the one now before the court. The chief judge is careful to state that " *the title of the defendants is* not *affected*

or impaired by the judgment;" and in that respect, the opinion furnishes some light upon the question involved in this motion. Manifestly the title to the lands described in the complaint in this action was *affected*, or sought to be *affected* by the litigation. It was the "*subject matter*" of the litigation, and had the plaintiffs succeeded, that title would have been moulded so as to stand as a security for any debt found due the defendant, and the balance would have been adjudged to belong to the plaintiffs. In short, the plaintiffs would have recovered the equity of redemption, and the decree would have provided that upon paying the amount found to be due, the plaintiffs were entitled to a conveyance. Or the premises would have been ordered sold, under the direction of the court, and the surplus, after paying the mortgage debt, paid over to the plaintiffs. The value of the property directly affected is the basis of the allowance. (*The People* v. *The Albany and Vermont R. R. Co.*, 16 *Abb.* 465. *Coleman* v. *Chauncey*, 7 *Rob.* 578.)

The plaintiff's counsel insists that this case was not "difficult and extraordinary." There is some conflict in the proof, upon that question. The defendant produces two affidavits, showing that the case before the referee was both difficult and extraordinary; that the same continued thirty days, and that a large number of witnesses were examined, and numerous pieces of documentary evidence and private writings were produced and examined; and that besides the time so occupied before the referee, the counsel spent about the same number of days in "preparing said cause for trial." This latter fact, as stated in the affidavit of Mr. Hiscock, one of the counsel for the defendant, is not denied. The fees of the referee were $875. His report is not lengthy, but taken, in connection with the facts stated in the affidavits, aids, somewhat, in reaching the conclusion, upon this motion, that the case was "difficult and extraordinary."

Burke *v.* Candee.

The affidavits disclose facts from which it must be assumed that the law of trusts and trustees was involved in and considered in connection with the evidence, at the hearing and upon the argument of the cause.

The conclusion cannot be resisted that it was a case both extraordinary and difficult in its features. (*Sackett* v. *Ball*, 4 *How. Pr.* 71. *Powers* v. *Wolcott*, 12 *id.* 566. *Woods* v. *The Illinois Central R. R. Co.*, 20 *id.* 285. *Fox* v. *Fox*, 24 *id.* 385.)

The views stated by Johnson, J., in 29 *N. Y.* 426, are applicable to this case, and must be followed. He says: "The object and intention manifestly were to enable the prevailing party to obtain indemnity for *his expenses* in actions of this kind, which would not be covered by the ordinary allowance prescribed for all actions." * * * "And I am clearly of the opinion that no such allowance can be made in any case *without proof* showing the necessity of further *indemnity* for the expenses of the action and the amount of the expense incurred for which indemnity is thus sought. Most certainly this should be *required* when the application is made before a judge who did not try the action."

The proofs in this case are not disclosed, as they should be, to present the questions fully to the court, but they satisfy the court that the ordinary taxable costs furnish no sufficient "*indemnity*" for the labor of counsel and the *necessary* and *reasonable expenses* of the party successful in the action before the referee.

The conclusions are therefore reached, upon the proofs submitted:

1. That this case comes within the provisions of section 309 of the Code as it now stands amended.

2. That the basis of estimate is the value of the property directly *affected* by the judgment; that being the "subject matter involved."

3. That the further allowance is made by way of an indemnity to the party succeeding in the litigation.

4. That the court must fix the amount to be allowed. The maximum, the statute provides, shall not exceed five per cent "on the amount of recovery or claim or subject matter involved." Subject to that limitation, the sum will depend upon the proper deductions from the proofs submitted as to the indemnity needed for *actual expenses* in the action, necessarily or *reasonably* incurred beyond the taxable costs allowed by statute to the prevailing party. (29 *N. Y.* 428.)

The motion must be granted; and the order will fix the amount allowed; to wit, $500.

[Herkimer Special Term, September 3, 1872. *Hardin*, Justice.]