# N. Y. SUPERIOR COURT.

WILLIAM S. WILLIAMS agt. THE WESTERN UNION TELEGRAPH COMPANY and others.

RUFUS HATCH agt. THE WESTERN UNION TELEGRAPH COMPANY and others.

*Extra allowance — When and how allowed — Code of Civil Procedure, section 3253 — The word " involved" as used in this section, means " affected."*

The word "involved," as used in section 3253 of the Code of Civil Procedure, means " affected."

Where the plaintiff claimed that the defendant, the Western Union Telegraph Company, had no legal right to the property of the American Union Telegraph Company, and the defendant claimed it was the legal owner of the property, and the court sustained its claim :

*Held*, That the title of the defendant to this property was affected by this judgment, and an extra allowance to defendant may be computed upon the value of such property, as "the subject-matter involved."

The fact that plaintiff, on obtaining an injunction, gave an undertaking to pay damages suffered by the party enjoined if the injunction should not be sustained, does not deprive defendant of the right to an extra

allowance, though such allowance may be considered by the court on the assessment of damages upon the undertaking.

The fact of the entry of judgment is not a waiver of the right to costs and allowances, though an extra allowance cannot be granted after the taxation and entry of costs in a judgment.

*Special Term, July,* 1881.

TRUAX, *J.*— The prevailing party in a difficult and extraordinary case is entitled to an extra allowance of an amount not to exceed five per céntum upon the sum recovered or claimed, or the value of the subject matter involved (*Code of Civil Pro., sec.* 3253).

The above entitled actions were difficult and extraordinary actions, and the prevailing parties are entitled to an allowance, if there was a sum claimed in the complaint, or if the value of the subject-matter involved can be estimated. The object of these actions is to be ascertained from the nature of the relief asked for in the complaint. The plaintiff in the Williams case demanded, among other things, that the defendants, other than the Western Union Telegraph Company and the Union Trust Company, be adjudged and decreed to pay to the Western Union Telegraph Company the sum of $15,526,590, or such portions thereof as should be distributed among the stockholders without payment in cash therefor. The sum claimed against the defendants, other than the two companies, was $15,526,590, or such portions thereof as was distributed among the stockholders without payment in cash therefor. The evidence offered on the trial of these actions shows that this last amount was more than $40,000.

The plaintiff, Hatch, demanded in his complaint that the defendant, the American Union Telegraph Company, be enjoined from delivering to the Western Union Telegraph Company certain property that it had sold for $15,000,000 to that company, and that the Western Union be enjoined from receiving said property and from paying for it; and also that it be enjoined from paying to its stockholders a certain stock dividend of $15,526,590, as provided in the agreements men-

tioned in the complaint, and that said agreements to be adjudged to be invalid, illegal and void. This was also a part of the relief demanded in the Williams case.

What is the subject matter involved in this action? Is it not, among other things, the property of the American Union Telegraph Company? The plaintiff claimed that the defendant, the Western Union, had no legal right to such property; the defendant on the other hand claimed that it was the legal owner of the property, and the court sustained its claim. The title of the defendant to this property was affected .by this judgment (*Atlantic Dock* agt. *Libby*, 45 *N. Y.*, 505). This property, the court has found, was worth $15,000,000.

There have been quite a number of adjudications upon the meaning of the words "subject-matter involved." The following are some of the more important of these adjudications:

*Burke* agt. *Candee* (63 *Barb.*, 552) was an action brought for the purpose of having certain deeds of land declared to be mortgages, and that it be adjudged that the defendant hold the title as trustee. The referee to whom it was referred reported against the plaintiff, and held that the lands were free . from any trust. A motion was made at special term for an extra allowance, and the court held that an allowance should be . granted and that the basis of the estimate of the allowance . was the value of the property directly affected by the judg- . ment, that being the subject-matter involved (*See also Coleman* agt. *Chauncey*, 7 *Rob.*, 578).

*Comens* agt. *Board of Supervisors of Jefferson County* . (64 *N. Y.*, 626) was an action brought to enjoin the defendants from levying any tax upon certain property for the pur- . pose of paying the principal or interest of certain bonds which the plaintiff alleged had been illegally issued. The complaint was dismissed and an extra allowance was granted by the special term. The court of appeals held that the court below did not exceed its jurisdiction. The opinions of the general and special terms in this case can be found in 3 *T & C.*, 296.

*Sickles* agt. *Richardson* (14 *Hun*, 110) was an action brought to have 3,574 bonds of a railway company declared invalid and void, and to have them delivered and canceled. The court decided that the plaintiff was entitled to the relief demanded in the complaint, and granted an extra allowance of $2,000. The question involved said judge BRADY, in giving the opinion of the general term, " was whether these bonds were legally issued or not, and that question necessarily involved their value."

*Lattimer* agt. *Livermore* (72 *N. Y.*, 174) was brought to restrain the defendant from infringing upon an alleged easement. The court of appeals held that in such an action the easement is the subject-matter involved, and therefore its value is the proper basis for an extra allowance.

*The Ogdensburg, &c., Railroad Company* agt. *The Vermont, &c., Railroad Company* (63 *N. Y.*, 176) was brought to determine the validity of the lease of a railroad. The court of appeals held that the subject-matter of the action was the lease, and that its value and not the value of the road, was the basis on which an extra allowance should be granted.

*People* agt. *Albany and Vermont Railroad Company* (16 *Abb.*, 465) was brought to compel the defendant to repair and operate its road, and an injunction restraining the defendant from receiving certain property was issued. The general term of the supreme court in the third district, held that an extra allowance was properly granted, and that the value of the property directly affected by the action was the basis on which the allowance should be computed.

From these cases it would appear that the word " involved," as used in that section of the Code, means " affected."

I do not think that the argument of the plaintiff — that the defendants should not have an extra allowance because the plaintiff, on obtaining an injunction, gave an undertaking to pay to the party enjoined such damages, not exceeding the sum specified in the undertaking, as he might sustain by reason of the injunction, if the court should finally decide he was

not entitled thereto, should be sustained. The damages of the defendants may be more than the sum specified in the undertaking. At any rate, if the defendants are allowed an extra allowance now, the court will consider this extra allowance, if it should be considered, on the assessment of damages upon the undertaking.

The plaintiff contends that no extra allowance can be granted, because the defendants have entered a judgment in each of these actions, and, therefore have waived the right to costs and allowances.

It is well settled that an extra allowance cannot be granted after the taxation and entry of costs in a judgment. The costs in these cases have not been taxed. The judge before whom these cases were tried, directed the clerk to insert in the judgment the costs, when taxed. Section 3262 of the Code of Civil Procedure provides that " costs must be taxed by the clerk. * * * The clerk must insert in the judgment, or final order, the amount of the costs as [when] taxed. In a case where the costs are in the discretion of the court, * * * the decision * * * must specify which party or parties are entitled to costs, but the amount of the costs must be ascertained by taxation."

There can be no judgment until the paper signed by the judge shall have been entered in the office of the clerk of the court. The clerk cannot insert the amount of costs in the judgment until there is a judgment. The adjustment of costs is in strictness, a proceeding subsequent to the entry of judgment (3 *Wait's Prac.*, 720.)

The trial of these actions lasted many days. A large amount of testimony was taken. They were difficult and extraordinary cases. The defendants in each action are entitled to $2,000.