TIMOTHY W. GOODING, APPELLANT, v. SPENCER A. BROWN AND OTHERS, RESPONDENTS.*

*Additional allowance — when the General Term will not reverse an order resting in the discretion of the court below — the amount involved may be considered in passing upon the application.*

Where an order granting to the defendants an extra allowance, under section 3253 of the Code of Civil Procedure, is made by the justice before whom the action was tried, and the order recites that it was made " on the pleadings, evidence, findings and decision of the court, statements and affidavits of counsel and other papers," the court at General Term will not reverse the order, in the absence of an abuse of the discretionary powers vested in the court, below, even though the papers presented on the appeal do not show that the case was a difficult or extraordinary one, as the facts necessary to show that it was of such a character may have been orally presented to the court below.

In determining whether or not an additional allowance should be granted under the said section the amount involved in the action may be considered; as the fact that a large amount depends upon its decision increases the anxiety and responsibility of the attorney and justifies the employment of eminent counsel.

APPEAL from an order of the Ontario Special Term, giving to the defendants an additional allowance of $500 costs.

*J. Henry Metcalf* and *W. F. Cogswell*, for the appellant.

*E. M. Morse* and *E. G. Lapham*, for the respondents.

BRADLEY, J.:

The action is in the nature of specific performance against the heirs and next of kin of Wells Gooding, deceased, of an oral agreement made between him and the plaintiff, that the survivor of them should take by devise and bequest the property of the other, subject only to the bequest by Wells of $10,000 to their sister Angeline. They duly made, pursuant to the arrangement, their wills respectively, and deposited them with their attorney. Afterwards the sister died, and thereafter Wells Gooding called for, received, and took away his will. He afterwards died, and the trial court properly found that he revoked his will by destroying it, and died intestate. The complaint was dismissed on the merits, and on defendants' motion they were, by order of the court, given $500 additional allowance of costs. This appeal is taken from that

---

* See *ante*, page 148.

order. The question is whether the case was difficult and extraordinary within the meaning of the statute. (Code Civil Pro., § 3253.) The trial in court did not occupy over one day. No testimony was given on the part of the defendants. The facts were few and simple. They showed an executory oral agreement to the effect that they respectively should make their wills for the benefit of the survivor. It was an agreement that the one first deceased should convey and transfer by devise and bequest his property to the survivor. Practically and in legal effect it was an agreement to sell property, real and personal and vest title in that manner. (*Parsell* v. *Stryker*, 41 N. Y., 486.) The property was mainly owned by those parties as tenants in common and amounted in value to about $100,000. The agreement was clearly within the statute of frauds and void. And there was no part performance, within the meaning of that term as applied to such agreements, to enable the plaintiff to require its execution. The statute puts a limitation on the power of the court to award additional allowance of costs to the prevailing party, and thus permits it only when the case is difficult and extraordinary. That term imports something more and other than usual, common and ordinary in respect to the labor and skill required, or in the time occupied in the preparation or trial of the case, or both. (*Fox* v. *Gould*, 5 How., 278 ; *Fox* v. *Fox*, 22 id., 454, 469 ; S. C., 24 id., 385 ; *Duncan* v. *De Witt*, 7 Hun, 184.

The determination of the case required the application of only well settled principles of law to the facts, and about the facts there was no dispute on the trial. There was no new question of construction or application of the statute of frauds, and none that did not come within the principle of repeated adjudications of the courts of this State. The questions, therefore, may arise : First. May the amount involved in the controversy characterize the case as difficult and extraordinary ? Second. In view of the magnitude of the case in that respect, and by reason of it, may the apprehension of the party and his attorney and counsel, and the unusual care and labor thus occasioned, as well as eminent legal skill, which, in consequence, is put into the case, enable the court to treat it as within the meaning of the statute and entitled to the designation of difficult and extraordinary ; or, third, must the court be governed by the quality of the questions actually involved and the quality of

the labor and skill actually required in its judgment, to take charge of the preparation and trial?

The decisions of the court are somewhat numerous under that and a similar statute, but they, as a whole, give no very well defined interpretation and application of its provisions. The papers on which this appeal is heard, do not show what has been done in the case outside of its trial, but on the argument counsel for the defendants stated something of the care and labor done and the aid they had sought and obtained from eminent counsel, etc.

In *Sickles* v. *Richardson* (14 Hun, 110) the action was to have adjudged void bonds of a' railroad company of the nominal value of $3,574,000. The court gave an allowance of $2,000. The only question presented on the appeal seems to have been whether there was any basis for computation of the allowance.

In *Vilmar* v. *Schall* (61 N. Y., 564) the question of basis of computation only was presented, and in *Bockes* v. *Hathorn* (17 Hun, 87) the allowance was said to have been made by consent of the attorneys.

In *People* v. *A. and V. R. R. Co.* (16 Abb., 465), the case involved large interests, and presented difficult questions of law. So far as relates to the questions of law presented, and the time occupied in the trial of this case, it does not seem to us to come within fair meaning of the term difficult and extraordinary. The judge who heard and decided the case held the court which made the order. He had means, not necessarily presented by the papers here, of acting advisedly in reference to all the circumstances which might bear upon the question. His discretion will not be deemed improperly exercised unless it clearly so appears. It has been said by the court that the determination of this question "involves so many considerations which are addressed to the discretion of the judge, that the appellate court rarely interferes." (*Bryon* v. *Durrie*, 8 N. Y. W. Dig., 57; *Morrison* v. *Agate*, 9 id., 286, which is approvingly repeated in *Tolman* v. *S. B. and N. Y. R. R. Co.*, 31 Hun, 403.) The purpose of this provision of the statute is indemnity to the successful party for the expense that he, in such a case, may incur in its prosecution or defense beyond those usually necessary. (*People* v. *N. Y. C. R. R. Co.*, 29 N. Y., 426; *Burke* v. *Candee*, 63 Barb., 555.) The amount

involved in this case very likely gave to the defendants an anxiety, and to their attorney a responsibility felt and appreciated, which would not be had or assumed in a controversy relating to a case of less magnitude in that respect. That furnishes a reason for bringing to the management of a case more care, and the advice and skill of eminent counsel, and, as a result, increased and unusual expense to the party. Some force may be given to the importance of a case when it may be seen that the amount involved fairly justified the increased expense of obtaining such advice and counsel in good faith employed. There may be an apprehended or apparent, as distinguished from a real difficulty about a case as developed at the trial. We are not advised of the difficulties, if any were apprehended by the defense. Nor do we hold that such apprehension would bring the case within the statute.

It is difficult to define and declare any inflexible rule of application of this statute in view of the use of it which has been made by the courts. If this order had been made by any other than the trial judge, we should, on the record and papers before us, be inclined to reverse the order. But while the discretion of a court has its limitations, the review of that discretion is so treated by the practice in such cases that orders of that class will not usually be reversed, unless it can be seen that there has been an abuse of that discretion. That we cannot say in this case. The counsel for the respondents said on the argument that the statement of the circumstances (which were referred to on the argument here) was made without affidavit before the court on the motion at Special Term by the consent of the counsel for the plaintiff. The trial judge in making this order, it will be assumed, derived from the trial information which may have aided his judgment on the motion. In such case it seems not to be the rule that strict and sole reliance must be had on the papers on review of orders of this character. (*Burke* v. *Candee*, 63 Barb., 555; *Tolman* v. *S. B. and N. Y. R. R. Co.*, 31 Hun, 403.)

In the latter case HARDIN, J., says: "There is nothing to show that the case was not both difficult and extraordinary. The usual presumption obtains that the order is correct unless the contrary appears. * * * The order may have been granted upon proofs more extensive even than we find in the appeal book."

It will be observed that here, as there, the order does not particularly recite the papers and proofs on which the motion was heard and order granted. But it in general terms evidently embraces statements and papers not appearing here. The order states that the motion was made "on the pleadings, evidence, findings and decision of the court, statements and affidavits of counsel and other papers." We cannot say that the facts presented to the Special Term on the motion did not justify the conclusion there that the case came within the statute. If therefore it be assumed that the record and papers before us do not show that the case was difficult and extraordinary, it is not necessarily excluded from the operation of the statute. The presumption must go in support of the order of the Special Term until the contrary is established.

The order should be affirmed.

Haight, Angle and Childs, JJ., concur.

Order granting additional allowance affirmed, without costs.