OAKVILLE COMPANY, Appellant, *v.* THE DOUBLE–POINTED Tack COMPANY, Respondent.

In an action to reform a contract on the ground of mistake, in case of failure to show the alleged mistake, the plaintiff is not entitled to a judicial construction of the contract as it is; that is a purely legal question which does not belong to the action, but should be determined in an action at law.

(Argued March 25, 1887; decided April 19 1887.)

The following is the *mem.* of opinion in this action :

"The complaint in this action alleges a mistake in the written contract between the parties and seeks its reformation so as to correctly express their agreed purpose and intention. The trial court has found as matter of fact, that no mistake existed, and upon evidence quite sufficient to support the finding. That, of course, defeats the action so far as its substantial purpose is concerned.

"But the plaintiff seeks to raise a further question over the construction of the contract as originally drawn and insists that its true meaning is precisely what it would have been if the instrument had been reformed in accordance with the prayer of the complaint. That is a purely legal question which does not belong to the equitable action before us. It will arise, if at all, when one party sues the other for royalties claimed to be due, and may then be determined properly and correctly and with an effective result. The remedy at law is obvious and adequate and no ground exists for the interposition of equity.

"The exceptions taken to the exclusion of evidence as to what is 'customary' in making similar contracts, and to that

of the existing agreement between the defendant and the original patentee, need not be discussed. The ruling of the court in each instance involved no error.

" The judgment should be affirmed with costs."

*James S Stearns* for appellant

*U. W Tompkins* for respondent,

Finch, J reads for affirmance.
All concur
Judgment affirmed.