JOHN THOMAS, AS TREASURER OF GENESEE COUNTY, RESPONDENT, *v.* HARRIET E. HARMON, APPELLANT, IMPLEADED, ETC.

46h   75<br>e 81 AD 396

*Mistake in the description of a lot in a mortgage — the County Court cannot correct such mistake in an action for its foreclosure.*

The complaint in this action, brought in a County Court to foreclose a mortgage conveying an undivided one-half of a lot in the village of Batavia, given by the defendant Harmon to the county treasurer, alleged that a mistake was made in drawing the mortgage; that, as drawn, it conveyed only the undivided one-half of the lot therein described, while it was intended, and had been agreed by the parties before the execution of the mortgage, that the whole of the lot should be conveyed by it. Upon the trial the County Court found in favor of the plaintiff on this issue, and a decree was entered correcting the mistake and directing a sale of the whole lot.

*Held,* that the County Court had no power to correct the mistake or direct the sale of any greater interest in the lot than was described in the mortgage, and that those portions of the decree were void for want of jurisdiction in the court. (BRADLEY, J., dissenting.)

*Avery* v. *Willis* (24 Hun, 548) followed.

APPEAL by the defendant from a portion of the judgment of the County Court of Genesee county.

*H. B. Cone,* for the appellant.

*N. A. Woodward,* for the respondent.

CORLETT, J.:

On the 14th day of March, 1881, the defendant, Harriet E. Harmond, executed to Jerome Guiteau, treasurer of Genesee county, his successors in office and assigns, a bond to secure the payment of $350 in two years from date, with semi-annual interest, and a mortgage on the *undivided one-half* of Lot 21 in the village of Batavia as security. The complaint alleged that a mistake was

made in drawing the mortgage; that it should have included the whole of Lot 21 instead of the undivided one-half, and that such was the agreement before the execution of the mortgage.

The action was brought to foreclose the mortgage, also to correct the mistake and obtain judgment for the sale of the whole. The mortgagor put in issue the allegations of mistake. A trial was had in the Genesee County Court, which resulted in a finding for the plaintiff on that question, and a decree of foreclosure including the omitted one-half. Judgment was entered accordingly. The evidence was sufficient to warrant the County Court in finding in favor of the plaintiff on the above issue. The defendant appealed from that portion of the judgment correcting the mistake and adjudging a decree of foreclosure of the part not covered by the mortgage. Section 15 of article 5 of the Constitution adopted in January, 1881, continues the powers and jurisdiction of the County Courts as before existing, and confers original jurisdiction in all cases where the defendants reside in the county not exceeding $1,000, also such other original jurisdiction *as the legislature should confer.*

Section 340 of the Code gives County Courts, among other things, jurisdiction "for the foreclosure, redemption or satisfaction of a mortgage upon real property, or to procure a judgment requiring the specific performance of a contract relating to real property, where the real property to which the action relates is situated within the county."

Section 348 provides that "where a County Court has jurisdiction of an action or a civil proceeding, it possesses the same jurisdiction, power and authority in and over the same, and in the course of proceedings therein, which the Supreme Court possesses in a like case, and it may render any judgment or grant either party any relief which the Supreme Court may render or grant in a like case, and may enforce its mandates in like manner as the Supreme Court."

It is a familiar rule that County Courts have no jurisdiction except that conferred by the Constitution and statutes. (*Frees* v. *Ford,* 6 N. Y., 176.) The power to foreclose a mortgage cannot be extended so as to include equitable liens like a proceeding to enforce the payment of the purchase moneys of lands. Reference is had to a mortgage in the ordinary sense of the term, one in writing describing the premises sought to be foreclosed. There is no dispute

or controversy in this case as to the lands covered by the mortgage. They embrace the undivided one-half of village Lot 21. No question is made but that the County Court had jurisdiction to foreclose that mortgage. The only point here is whether it also had jurisdiction to correct a mistake, and include in the decree of foreclosure lands not covered by it. If the correction was an incident, jurisdiction existed, otherwise not. So that the whole controversy is narrowed down to the question whether that portion of the decree correcting the mutual mistake and adjudging the mortgage a lien upon the whole lot is within the jurisdiction of the County Court, *as an incident.* It had power to foreclose the lands actually covered. Burrs Law Dictionary defines incident as " belonging or appertaining to, following, depending upon another thing as more worthy or principal." " A thing may be necessarily or inseparable incident to another, or usually so."

To every estate in lands the law has annexed certain peculiar incidents which appertain to it, as of course, without being " expressly enumerated." Webster defines it thus : " In law, something necessarily appertaining to and depending on another, which is termed the principal." It is difficult to see how lands not covered by the mortgage are incident to those which are. No importance can be attached to the fact that the mortgage only covers an undivided part or portion of a lot or farm. The balance is no more incidental than a separate lot or farm. If, in this case, the agreement covered a separate lot or a number of separate lots, all of which were omitted by mistake, the corrections could be adjudged and a foreclosure ordered the same as in this case. If the original agreement provided for the mortgage of a number of pieces of land to secure a loan, and by mutual mistake some of them were omitted in the mortgage, all could be included in an action to foreclose the lands covered in case an undivided portion can. It is true that the only change would be to increase the relief. But if such a result is produced by including other property, it cannot be said to be only an incident. Within the definitions incidents are attached to the principal, but other lands distinct from those mortgaged occupy no such position and sustain no such relation. Otherwise under claim of relief, property might be included of many times the value of that covered by the mortgage.

*Avery* v. *Willis* (24 Hun, 548), decided in the third department, in 1881, differs from this in that there was nothing to foreclose without a previous correction. The same is true here in reference to that portion not covered by the mortgage. It was first necessary to ascertain and adjudge the mistake, which was done, then the foreclosure was ordered. The only distinction claimed is that there was some land covered by the mortgage of which the County Court had jurisdiction, and that this fact conferred power to include other lands as incidents. The reasoning in the above case is decisive of this. The court say "undoubtedly a court of general equity jurisdiction might entertain an action for the double purpose of declaring a lien and enforcing it by foreclosure. Such actions have been frequently maintained in the Supreme Court. * * * Still, the remedies sought are independent remedies, and might be obtained by separate actions, and each would be open to separate and independent defences. The proceeding to obtain a reformation of the mortgage is in no respect secondary or ancillary to the proceedings to foreclose the mortgage; on the contrary, it is primary in purpose and importance, as no relief by foreclosure could be had until the reformation of the mortgage should be decreed. The right to foreclose was dependant on this relief, and this relief could only be obtained by an action in equity. It follows that the County Court had no jurisdiction of this leading, independant and controlling branch of the case."

In that case the complaint was dismissed because no lands were embraced within it which could be foreclosed. The same is true in this case of the undivided one-half, which could not be foreclosed until the mistake was corrected. That was a condition precedent. It follows, therefore, that the case in Hun is decisive of this case, in principle, unless the fact that it has jurisdiction to foreclose a portion of lands embraced in the complaint also confers the right to correct mistakes, as an incident, by including in the decree lands outside of the mortgage. If this view obtains, there would be no limit to its application. All lands embraced in the original agreement, although most of them were left out of the mortgage, could be included in the decree of foreclosure. The findings and judgment in this case show that the correction preceded the decree of foreclosure as to the lands not covered by the mortgage. It might

well be claimed that the legislature should confer power upon County Courts to dispose of the whole controversy in a single action. The conclusive answer is that none has been conferred. The able court before which this case was tried was undoubtedly impressed with the conviction that justice required a disposition of the whole controversy in a single action. Still the question of power must be met. If it was lacking, neither the purchaser nor the grantee would acquire title. The land might become valuable and invite scrutiny and litigation. If there was a lack of jurisdiction of the subject-matter, the decree might be attacked. (*Ferguson v. Crawford,* 70 N. Y., 253.)

The fact that the County Court has the same power as the Supreme Court in the foreclosure of mortgages is of no importance, for that court could not decree the foreclosure of lands not covered by the mortgage without first correcting mistakes. Power, is conferred by the Code upon the County Court to enforce a specific contract relating to lands, but this does not include the correction of mistakes. In granting specific performance of contract, reference is had to those which are complete.

In *Oakville Company* v. *The Double-Pointed Tack Company* (105 N. Y., 658) the plaintiff alleged a mistake in the written contract, and sought reformation so as to correctly express the agreement. The trial court found that no mistake existed. The plaintiff then sought to obtain a construction of the contract as drawn, claiming it meant the same as if the correction had been granted. The court held that that question could not be considered, as the construction involved a simple question of law, which could not be determined in the action for a reformation. So in this case, the statute confers power to foreclose the mortgage. That is within the jurisdiction of the County Court; but the power to grant a reformation or to correct a mistake has never been granted. The omission is one for the legislature, not the courts. It follows that the portion of the judgment appealed from should be reversed, but without costs, with leave to proceed in the Supreme Court for correction and appropriate relief.

HAIGHT, J., concurred; SMITH, P. J., not sitting.

BRADLEY, J. (dissenting) :

The conclusion of the trial court, that the mortgage was so drawn as to embrace within its terms only an undivided one-half of the premises when the parties intended that it should cover them entirely, is supported by the evidence. And the plaintiff was entitled to the relief given in that respect, unless there was a want of power in the County Court to grant it. The constitutional limitation is not in the way of legislative provision for the requisite jurisdiction. (Const. art. 6, § 15.) But the jurisdiction of the court is dependant upon the statute which amongst other things provides that it shall have jurisdiction of an action for the foreclosure, redemption and satisfaction of a mortgage upon real property. (Code Civ. Pro., § 340.) And that where a County Court has jurisdiction of an action it possesses the same jurisdiction, power and authority in and over the same, and in the course of the proceedings therein, which the Supreme Court possesses in a like case. (Id, § 348.) The purpose of the action was the foreclosure of the mortgage but to make that relief effectually represent the security which the parties intended to produce by the mortgage, its reformation was within that asked for and given, and was properly the subject of determination in such cases by courts having ample equity powers. (*Maher* v. *Hibernia Ins. Co.*, 67 N. Y., 283 ; *Andrews* v. *Gillespie*, 47 N. Y., 487 ; *Meyer* v. *Lathrop*, 73 N. Y., 315.) The statute does not confer on County Courts jurisdiction of actions to reform written instruments. And if that feature in this case is necessarily to be treated as a substantive cause of action there may be some difficulty in supporting its maintenance in that respect. But such does not seem to be the situation. The action is to make available by foreclosure the security furnished by the mortgage, the terms of which were so qualified by a clerical error that they failed fully to represent the security required by the contract, pursuant to which it was made and taken. The correction given by the court below was not essential to the creation of remedy, but was in aid of it, and its effect was to enlarge the measure of relief in the action to foreclose the mortgage.

The cited case of *Avery* v. *Willis* (24 Hun, 548), is distinguished from the case at bar by the fact that the relief by way of foreclosure depended upon the reformation of the mortgage. The primary cause involved in the remedy and essential to the ultimate relief,

required the insertion of a defined parcel of real property in the instrument. Here the terms of the mortgage furnished a complete cause of action in foreclosure, and the reformation in view related only to the extent of the relief to be awarded by the judgment. The failure to express in it correctly the understandings of the parties was occasioned by the clerical error of inserting words which reduced in term the quantity of the estate in the premises described to one-half that intended by them to be embraced within it. Inasmuch as the nature of the action is the foreclosure of the mortgage, the fact that the reformation may have been the subject of an independent cause of action does not necessarily characterize its gravamen. When the court took jurisdiction of the action to foreclose the mortgage it became possessed of all the powers necessary in the course of the proceedings to accomplish the result, as is, and perhaps unnecessarily, declared by the statute before referred to. And as incidental to it was the correction of such clerical errors and mistakes as were requisite to its accomplishment. While this in some sense is a distinct feature in the action it does not go to modify or change the mortgage as made between the parties, but involves the correction of an expression used in the instrument as drawn so as to bring the relief to which the plaintiff is entitled within the terms of the security.

This I think was incidental to the cause of action and not essential to its support, although necessary in a measure to the relief given by the judgment, and was within the powers attending the exercise of the jurisdiction of the court.

I am therefore unable to concur with the conclusion of Mr. Justice CORLETT, and think the judgment should be affirmed.

So much of judgment as is appealed from reversed, without costs of this appeal to either party.