CHRISTOPHER & TENTH ST. R. Co. *et al. v.* TWENTY-THIRD ST. RY. Co. *et al.*

(*Supreme Court, General Term, First Department.* October 20, 1892.)

COSTS—EXTRA ALLOWANCE—WHEN REFUSED.

In an action to reform a contract the court has no power to grant an extra allowance of costs under Code Civil Proc. § 3253, providing that such allowance must be based on a "sum recovered or claimed, or the value of the subject-matter involved," since no commercial or money value could be attached to the enforcement of the alleged right.

Appeal from special term, New York county.

Action by the Christopher & Tenth Street Railroad Company and another against the Twenty-Third Street Railway Company and another to reform a contract and for an injunction. From an order denying a motion by plaintiffs for an extra allowance of costs the plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON, J.

Robinson, Bright, Biddle & Ward, (E. R. Robinson, of counsel,) for appellants. Coudert Bros., (F. R. Coudert and Everett P. Wheeler, of counsel,) for respondents.

PATTERSON, J. The order denying the motion for an extra allowance, and from which this appeal is taken, recites that the decision of the court below was based upon the sole ground of the lack of power to grant such an allowance. In this conclusion we think the learned judge was right. An extra allowance of costs must be based upon a sum recovered or claimed, or the value of the subject-matter involved. Section 3253, Code Civil Proc. The inquiry in this action is, what was the subject-matter of the action? It was a suit in equity, brought to reform a contract, and, as incident thereto, praying for an injunction to restrain the running of cars by the defendants on a portion of the plaintiffs' railway tracks, but that latter relief could only follow from and as a consequence of the granting of the relief reforming of the contract. The real purpose of the action was, therefore, the enforcement of an alleged right to which no commercial or money value could be attached, and, as was said in *Conaughty v. Bank*, 92 N. Y. 401: "The importance of a litigation in any other than its pecuniary aspects does not afford the basis of an extra allowance, and, although a litigation may seem to come within the spirit of the provisions, if the subject involved is not capable of a money value, or the value is not shown, an allowance is not authorized." There are cases to be found, and some of them are cited by the appellant, in which such allowances have been granted where the relief sought in equity operated, or would have operated, originally and directly upon property; and hence the value of such property has been deemed to be the proper basis of an extra allowance. Such were *Williams v. Telegraph Co.*, 61 How. Pr. 305; *Burke v. Candee*, 63 Barb. 552; *Struthers v. Pearce*, 51 N. Y. 366; and other cases. But there are numerous authorities indicating that property or rights having an ascertainable value in money must be directly involved. *People v. Adams*, 128 N. Y. 129, 27 N. E. Rep. 1075, and cases there cited. It is urged by the appellant that what was involved in this action was the

value of the easement over the plaintiffs' line of railway; but that is not necessarily so.   To be sure, it was indirectly affected to some extent, or in some degree, but that does not make it the real subject-matter of the action, which is the primary right sought to be enforced, and that, in this case, was the mere claim to reform a contract.   Our attention has been called again to what was held in *Munro* v. *Smith,* (Sup.) 6 N. Y. Supp. 426, respecting property or rights of an intangible nature in connection with this question. That case is not authority for the general proposition that an extra allowance may be granted in suits for injunctions to prevent infringement of trademarks, or in cases where equitable rights insusceptible of a money value are merely involved.   The decision in that case went upon a conceded fact, viz., that there was an actual value of the trade-mark claimed by Munro, and that it was worth $50,000.   No such concession or proof is made here.   McLean swears the "easement" is worth at least $100,000, but, as the use of that easement is not directly involved, but only collaterally and incidentally, and dependent altogether upon the right being made complete to other relief, its value cannot be said to be involved as the subject-matter.

The order appealed from must be affirmed, with costs.