(14 Misc. Rep. 508.)

### HEERT et al. v. CRUGER.

(Common Pleas of New York City and County, General Term. December 2, 1895.)

1. EQUITY—REFORMATION—MISTAKES.
　　A mistake in the execution of an instrument as to its legal effect, induced by the act of a party, whether fraudulent or innocent, entitled the other to its reformation conforming it to its intended meaning and operation.

2. SAME—WHEN REFORMATION WILL BE DENIED.
　　If upon the true construction of an instrument its meaning and effect be as they are proposed to be made by amendment, no occasion exists for its reformation.

3. JUDGMENT—CORRECTION OF JUDICIAL ERROR.
　　A judicial error or mistake in a final judgment can be corrected only upon a rehearing or appeal; not by motion.

4. COSTS—EXTRA ALLOWANCE—ACTION FOR REFORMATION.
　　In an action for reformation simply, there can be no additional allowance.

(Syllabus by the Court.)

Appeal from equity term.

Action by Henry H. Heert and another against Stephen V. R. Cruger to reform a lease. There was a judgment in favor of plaintiffs, and defendant appeals. Modified.

Argued before DALY, C. J., and PRYOR, J.

Wm. Bard McVickar, for appellant.

John A. Straley, for respondents.

PRYOR, J. Proposing a lease for 10 years, the landlord demanded security for the entire term. The intending lessee replied that, if security for that period were insisted upon, the negotiation might as well be abandoned. Eventually it was agreed between the parties that the lessee might furnish sureties for two years only.

Upon this condition the plaintiffs consented orally to become sureties for payment of the rent and performance of the covenants of the lease. Invited to execute the security agreement, plaintiffs objected that it did not contain the two-years limitation; to which the lessor answered that insertion of the limitation was unnecessary, that it was in the lease, and that the plaintiffs were security for two years. Thereupon the plaintiffs executed this paper:

"In consideration of the letting of the premises within described, and for the sum of one dollar, the receipt whereof is hereby acknowledged, we do hereby become security for the punctual payment of the rent, and performance of the covenants in the within agreement mentioned, to be paid and performed by Frederick Cook; and, if default shall be made therein, we hereby promise and agree to pay unto Stephen V. R. Cruger, trustee, as landlord, such sum or sums of money as will be sufficient to make up such deficiency, and fully satisfy the conditions of the said agreement, without requiring any notice of nonpayment, or proof of demand being made. Given under our hands and seals the 22nd day of August, 1891. Henry H. Heert & Co. [Seal.]
"Witness: Edward D. McGreal."

The lease contained this provision:

"(11) And the said tenant doth hereby covenant and agree that he will provide security with one good and sufficient surety, who shall be able to justify in at least the sum of $30,000 in the usual form of security for the performance by the tenant of the covenants of a lease, for the performance by the said tenant of all the covenants herein contained, which said security shall be for a period of at least two years at a time; the said tenant hereby covenanting and agreeing to renew the same at or before the expiration of each period for the space of which the said security may be limited to run. And it is mutually covenanted and agreed that these presents are upon condition that the said security be provided by the said tenant as aforesaid, and that in case, at the expiration of any of the periods for the space of which the said security may be limited to run as aforesaid, the said tenant shall fail to provide further security as aforesaid, then, and in that event, the said landlord may, at his option, resume possession of the premises as hereinbefore provided in paragraph 8th.
"In witness whereof the parties to this agreement have hereunto interchangeably set their hands and seals this 22nd day of August, 1891.
"Frederick Cook. [Seal.]
"S. V. R. Cruger. [Seal.]
"Sealed and delivered in the presence of Edward D. McGreal."

It is conceded that for the first two years of the lease the rent was paid in part by plaintiffs, the sureties. The defendant lessor claiming to hold plaintiffs for rent accruing after the lapse of those two years, and for breach of covenants subsequent to that period, the action is brought for reformation of the security agreement. The relief prayed is a reformation of the agreement so that it shall bind the surety for a period of two years only, instead of, as now read, for the full term of ten years. The complaint alleges that it was the intention of plaintiffs and defendant to limit the said security—on the lease—to two years only; and that the defendant, with knowledge of such intention, represented that it was unnecessary to provide for the two-years limitation in the agreement, since the lease contained such provision. Upon consideration of the lease and agreement in connection, the learned trial judge concluded that the plaintiffs are bound only for two years. If this be so, then judgment for the defendant is the inevitable legal corollary;

for if, by a just construction of the instrument, its true meaning is already such as is sought to be imparted by the proposed reformation, no occasion exists for the interposition of equity. Oakville Co. v. Double-Pointed Tack Co., 105 N. Y. 658, 11 N. E. 839. The security agreement, however, is silent as to the extent of the plaintiffs' liability; and, even when read in conjunction with the lease, if permissible, its import is still so doubtful and obscure that its reconstruction is proper, provided the necessary conditions of the relief be apparent upon the proofs.

The security agreement, we repeat, does not limit the plaintiffs' responsibility to a period of two years; and yet that so to confine it was the mutual intention of the parties is clear upon the evidence. Nevertheless, the plaintiffs executed the agreement with knowledge of its terms, and of the fact that they fail to express the common purpose. Without more, such execution of the instrument would oppose an insuperable bar to its reformation. Moran v. McLarty, 75 N. Y. 25. The proof, however, is clear and convincing that the plaintiffs would not have executed it in its incomplete condition but for the assurance of the defendant that the insertion of the agreed term of limitation was unnecessary, and that already, by force of the provision in the lease, the plaintiffs were bound only for a period of two years. The mistake of the plaintiffs, then, was as to the legal effect of the instrument; but this mistake of law suffices for its reformation, because induced by the act of the adverse party. Haviland v. Willets, 141 N. Y. 35, 35 N. E. 958; Weed v. Weed, 94 N. Y. 243, 247. Supposing merely a mutual mistake as to the legal effect of the instrument, its execution, induced by the positive assurance of the defendant, entitled the plaintiffs to the relief of reformation. Maher v. Insurance Co., 67 N. Y. 283; Pom. Eq. Jur. § 847.

The defendant argues that, even when corrected by insertion of the stipulated limitation, the agreement, in effect, still binds plaintiffs for the 10 years' rent. Assuming the relevancy of the point to the question of reformation, the contention is untenable. The obvious and indisputable intention of the parties was that the plaintiffs should be bound only two years, whether for payment of rent or performance of other covenant; and they are not responsible for the lessee's failure, on the expiration of their liability, to furnish other security.

But one of the defendant's exceptions to evidence is of sufficient plausibility to justify comment; and that is to the proof of the conversation between the lessee and his surety. Defendant had agreed to accept security for two years, and had authorized the lessee to procure it. Of course, on applying to a contemplated surety, it was necessary to inform him of the terms of the lease; and such is the sum and substance of the criticised colloquy. The testimony was neither offered nor admitted as evidence of the agreement between the defendant and the surety, of which, indeed, the proof is otherwise abundant and unexceptionable. Tenney v. Berger, 93 N. Y. 524, 531.

Our conclusion is for affirmance of the judgment, but with a modification. The agreement executed by the plaintiffs was as security for payment of the rent and performance of the covenants of the

lease, and the obvious inference from the evidence is that such was the intention of the parties. Indeed, the plaintiffs have never challenged the guaranty of covenants, either before executing the agreement or in their prayer for judgment. The alteration of the instrument, therefore, by expunging the guaranty of covenants, was unauthorized, and the clause stricken out must be reinstated. Nevertheless, the court ruled rightly in refusing the redress upon motion. In his decision the learned trial judge adjudged the plaintiffs to be entitled to a reformation omitting the guaranty of performance of covenants,—manifestly a judicial determination of a substantial right. A modification of a judgment at special term may be made only to correct clerical errors or mistakes, or to conform the record to the decision. Bohlen v. Railway Co., 121 N. Y. 546, 550, 24 N. E. 932; Simmons v. Craig, 137 N. Y. 550, 33 N. E. 76. A judicial mistake or error is remediable only by a rehearing or appeal from the judgment. McLean v. Stewart, 14 Hun, 472; Rockwell v. Carpenter, 25 Hun, 529. Here the appeal is from each and every part of the judgment, and, as the court erred in its decision, the error is before us for correction. The judgment must be modified so as to read: "We do hereby become surety for the punctual payment of the rent, and performance of the covenants in the within agreement mentioned, to be paid and performed by Frederick Cook, for a period of two years from the beginning of the term of said lease, to wit, the first day of January, 1892," etc., and, as so modified, the judgment is affirmed.

The order for an additional allowance is untenable (Christopher & T. St. R. Co. v. Twenty-Third St. Ry. Co. [Sup.] 20 N. Y. Supp. 556; Conaughty v. Bank, 92 N. Y. 401), and must be reversed. The order denying the motion for resettlement of the decision and judgment is affirmed. No costs to either party.