Frederick Vilmar, Appellant, *v.* William Schall et al., Respondents.

Plaintiff's complaint alleged, in substance, that plaintiff's firm deposited with defendants, as their bankers and agents, various sums of money, also United States bonds and bank stock, as special deposits, under an agreement that they should, at all times, be subject to the order and control of said firm, and that no interest should be paid therefor; that defendants delivered specified portions of said deposits, but, demand being made, refused to deliver over the balance of said deposits, and wrongfully and unlawfully detained the same, and for the balance plaintiff demanded judgment. *Held*, that the averments were to the effect that the deposits were with defendants, as bankers, subject to the depositor's drafts or order, under an agreement which did not contemplate the return of the specific money or thing deposited, but that defendants could use it in their business without interest; that, therefore, the facts alleged constituted an action for breach of contract, not one in tort; and so, that it was in its nature, referable.

An objection to a deposition taken upon commission, that the witness failed to answer certain cross-interrogatories, should be raised before trial upon motion to suppress the testimony; a general objection upon the trial to the admission of the deposition upon that ground is not tenable.

Where the answer in an action sets up a counter-claim and the case results in a judgment for defendant for a balance found due him, he is not limited, under section 309 of the Code, to an extra allowance of five per cent upon the amount of the recovery, but the allowance may be based upon the amount claimed by plaintiff.

(Argued September 25, 1874; decided January term, 1875.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of the defendants entered on the report of a referee.

The nature of the action and the facts material to the decision of the appeal sufficiently appear in the opinion.

*Charles Wehle* for the appellant. This was an action in tort and therefore not referable. (*Dederick's Admr.* v. *Richley*, 19 Wend., 108; *Silmser* v. *Redfield*, id., 21; *Sharp* v. *Mayor, etc.*, 18 How. Pr., 213; 9 Abb. Pr.; 30 Barb., 578; *Draper* v. *Day*, 11 How. Pr., 439; *Ross* v. *Mayor, etc.*, 2 Abb. Pr. [N. S.], 266; *Goodyear* v. *Brooks*, id., 296; *Warner* v. *West. Tr. Co.*, 3 Robt., 705; *Cameron* v. *Freeman*, 10 Abb. Pr., 333; *Chain* v. *Coffin*, 17 id., 441; *Gross* v. *Greaves*, 19 id., 95; *Barnett* v. *Grace*, 34 Barb., 20; *Noble* v. *Prescott*, 1 E. D. S., 139; *Donahugh* v. *Henry*, 4 id., 162; *Frost* v. *McGregor*, 14 How. Pr., 131; 1 Chitty Pldgs. [14th Am. ed.], 146–161; *Townsend* v. *Hendricks*, 40 How., 143.) The action having been referred without plaintiff's consent, the judgment rendered therein is void. (Const., § 2, art. 1; *Greason* v. *Keteltas*, 17 N. Y., 498; *People* v. *Cancemi*, 7 Abb. Pr., 301; *Gervin* v. *Sheldon*, 3 Barb., 232.) The objection to the admission of Schall's deposition, on the ground that he failed to answer some material questions in the cross-interrogatories, was well taken. (*Smith* v. *Griffith*, 3 Hill, 333; *Morehouse* v. *Mathews*, 2 N. Y., 514; *Denet* v. *Barley*, 9 id., 371; 17 id., 340; *Rich* v. *Jackway*, 18 Barb., 357; *U. Bk. of Sandusky* v. *Loney*, 2 Abb. Pr., 269; *Lansing* v. *Coley*, 13. id., 272.) Even if defendants had sold plaintiff the bills of exchange, it would not change the usurious character of the agreements. (*Birdsall* v. *Patterson*, 51 N. Y., 43; *Fiedler* v. *Darrin*, 50 id., 443; *Brown* v. *Redenburgh*, 43 id., 195; *Winsted Bk.* v. *Webb*, 39 id., 325; *Price* v. *Lyons Bk.*, 33 id., 56; *Elwell* v. *Chamberlain*, 31 id., 611; *Schermerhorn* v. *Talman*, 14 id., 122; *Jacks* v. *Nichols*, 50 id., 178; *Leavitt* v. *De Launey*, 4 id., 368; 1 R. S. [Edm. ed.], 726, § 5; Laws 1837, chap. 430.)

*Aug. F. Smith* for the respondents. The complaint being on contract the action was referable. (2 Chit. Pldgs., 90, 837; *Hyde* v. *Stone*, 7 Wend., 354; *Dana* v. *Fiedler*, 2 Kern., 40; *Auston* v. *Rawdon*, 44 N. Y., 63; *Munger* v. *Hess*, 28 Barb., 75; *Conaughty* v. *Nichols*, 42 N. Y., 83; *Townsend* v. *Hendricks*, 40 How. Pr., 143.) The charge of commission by defendants upon the transaction was proper. (*Trotter* v. *Curtis*, 19 J. R., 160; *Seymour* v. *Marvin*, 11 Barb., 80, 83; *Nourse* v. *Prime*, 7 J. Ch., 69; *Ex parte Jones*, 17 Ves., 332; *Ex parte Henson*, 1 Mad., 70; Comyn on Usury, 132; *Ketchum* v. *Barbour*, 4 Hill, 229; *Carstairs* v. *Stein*, 4 M. & S., 192; *Suydam* v. *Westfall*, 4 Hill, 211; *Holford* v. *Blatchford*, 2 Sandf. Ch., 150; *Cole* v. *Savage*, Clarke, 361, 363; *Grant* v. *Morse*, 22 N. Y., 323.) The proper mode for plaintiff to object to the commission under which Schall was examined was by motion before trial. (*U. Bk. of Sandusky* v. *Torrey*, 5 Duer, 626–628; *Burrill* v. *W. Bk. and Loan Co.*, 51 Barb., 105–115.)

Lott, Ch. C. The most material question presented by the appeal is that raised by the first point of the appellant's counsel, which is, that "the action being for the illegal and wrongful detention of the plaintiff's money, bonds and bank stock, is an action of *tort* and therefore not referable." Its consideration requires a particular reference to the allegations of the complaint. That, after alleging that the defendants during the time of all the transactions mentioned therein were doing business as bankers in the city of New York, under the firm name or style of W. Schall & Co., states as the first cause of action that the plaintiff and one C. E. Hartung, then copartners in business, on the 23d day of September, 1863, and on various days between that time and the twenty-fourth day of November of that year, deposited with the said defendants as their (the plaintiff's and said Hartung's) bankers and agents, the sum of $21,915.93, "as special deposits under an agreement between the said plaintiff and said Hartung on one side, and said defendants on the other,

that said deposits should at all times be subject to the order, direction and control of said plaintiff and Hartung, and that no interest should be paid to them therefor." It is then alleged that the defendants had delivered to the plaintiff and Hartung all of the moneys so deposited, except a balance of $2,817.11; that Hartung on the 1st day of December, 1863, assigned and transferred to the plaintiff all his right, title and interest in and to the moneys so deposited, and that he, before the commencement of this action, duly demanded of the defendants the said balance of the aforesaid deposits, and that the defendants refused to deliver the same to him and that they wrongfully and unlawfully detained the same from him.

It is then alleged as a second cause of action, that the plaintiff, on the 5th day of March, 1864, and at various times between that day and the 24th day of July, 1866, deposited with the said defendants, as his bankers and agents, cash, bonds, gold and shares of the Ninth National Bank of the city of New York, of the aggregate value of $59,323.58, the particulars of which are set forth (including therein one item of "U. S. 5-20 bonds $5,000"), and that the said cash and property were so deposited as special deposits, under an agreement that they should at all times be subject to the order, direction and control of the plaintiff, and that no interest should be paid to him therefor. These allegations are followed by a statement, that bills of exchange and cash to the amount of $24,592, and bonds of the value of $5,000 of the said deposits had been delivered to the plaintiff, "leaving in their hands of such deposits, cash and property of the value of $29,731.58," which, before the commencement of the action, the plaintiff had demanded of the defendants, but that they refused to deliver the same to him and that they wrongfully and unlawfully detained the same from him.

The preceding specification of the allegations of the complaint clearly shows that all of the property was deposited with the defendants as *bankers*, subject to the *draft* or *order* of the depositors, and although it is stated that they were *special deposits*, the whole tenor of the agreements shows that

the specific money was not to be retained in specie or in the form in which it was deposited, but that the defendants might use it in their business as bankers without interest. The designation of that business, and the statement that no interest should be paid on or for the deposits, indicate and show that such *use* thereof was contemplated. It is material also to notice, that the plaintiff, in alleging a demand by him and a refusal by the defendants to deliver what had not been returned, states that the defendants wrongfully and unlawfully detain the same, but does not claim or aver that they have made an illegal conversion thereof to their own use. Those statements so made, construed in connection with the agreements referred to, merely show that the defendants have violated those agreements and have made themselves responsible for their breach, for which the plaintiff demands judgment, not for damages generally, but for the specific balances alleged to be in the defendants' hands on the day of the demand thereof, with interest from that time. My conclusion therefore is, that the facts alleged constitute causes of action founded on contract, and not in tort, within the decision by this Commission in *Austin* v. *Rawdon* (44 N. Y., 63). The complaint in that case contained averments indicative of a tortious conversion of the securities therein mentioned, much stronger than those herein above set forth. It, after stating the demand thereof by the plaintiff, and that the defendants wrongfully refused to deliver them to him, further stated, that they had, as the plaintiff was informed and believed, " wrongfully disposed of all the aforesaid securities and converted them to their own use and benefit to the great damage of the plaintiff as such receiver." That case received full and careful consideration, and the conclusion was reached therein, that the judge who tried the issues erred in deciding that the action was for the wrongful conversion of personal property and not an action on contract; and the opinion given therein expresses fully our views in the present case. Assuming then that the action was not in tort, but founded on contract, there is no doubt that it was in its nature referable, and the affidavits read

on the application for a reference justified and warranted the order referring it.

The other questions can be more readily disposed of.

The defendants, in their answer, state that the deposits referred to in the complaint were made with them as collateral security for the payment of bills of exchange on Europe sold and delivered to the plaintiff and Hartung while they were copartners, and subsequently to the plaintiff, and for the extension of the time of some of those payments, and they set forth the agreements in reference to the transactions; by those it appears, among other matters, that the defendants were entitled to certain specified commissions, and they claim that as the result of those transactions the plaintiff was indebted to them in the sum or balance of $1,459.89, besides interest, which they set up as a counterclaim.

The plaintiff, in reply, substantially admitted the material allegations in the answer, but set up that the commissions were intended to be as and for illegal and usurious interest, and that the said defendants made certain fraudulent representations by reason whereof the said agreements were invalid.

The issues, as before stated, were referred for trial to a referee, who found the facts to be substantially as set forth in the answer, and he showed, as the result of the cash operations (including the United States five-twenty bonds), that there was a balance due from the plaintiff to the defendants, on the 10th day of September, 1864, of $1,459.89, for which the stock of the Ninth National Bank was held as collateral security, and thereupon he ordered judgment for the above mentioned sum, and a further judgment that upon the payment thereof the plaintiff was entitled to a return of the said stock. Those findings of fact were sustained by evidence, and having been affirmed by the General Term, are conclusive on us, and in the absence of a finding sustaining the allegations of usury and fraud, or either of them, set up in the reply, the defendants were entitled to the judgment entered in their favor.

It is claimed, however, that there was evidence erroneously admitted and excluded, against the exceptions of the plaintiff, which entitles him to a reversal of the judgment. The most material of those exceptions in its effect, if valid and well taken, relates to the admission of the deposition of William Schall, one of the defendants, taken under a commission. It was objected to on the ground that material questions in the cross-interrogatories are not answered, and that in the witness' attempt to answer he has stated conclusions of law and fact, instead of stating facts. It is a sufficient answer to this exception to say that it is too broad and general. It does not refer to any specific questions as unanswered, or what answers are objectionable for the reasons so stated. I agree, moreover, with the General Term, in the opinion that an objection that the witness has failed to answer certain interrogatories should be raised before trial, by a motion to suppress the testimony, so that the omission may be corrected by a further examination; and I will add that so much of the objection as relates to the character and nature of the answers given would be proper to be made to the reading of such answers, but cannot be available in excluding the entire deposition. The other matters embraced in the several exceptions have been carefully examined and considered. The principal portions of them are referred to in the opinion given at General Term, and are properly disposed of for the reasons therein stated, and none of the rulings on the others of them are, in our opinion, well taken. It may, indeed, be said that the documentary evidence explains and shows the relative rights of the parties, and I find none of it to have been improperly admitted.

There is an additional point made by the appellant's counsel, which is, that " the order granting an extra allowance of costs is erroneous as to the amount allowed, viz., $2,000." This is based on the assumption by him that " the true interpretation of section 309 of the Code of Procedure limits the allowance in this case to five per cent on the amount recovered." We do not so construe the section. On a recov-

ery of judgment by the defendant, where no counter-claim is allowed, he is entitled to an allowance on the amount claimed by the plaintiff, and there is no ground for saying that he shall have less, if he also recovers a counter-claim. We are, therefore, brought to the conclusion, on a full examination and consideration of all the questions presented by the appeal, that there is no ground for the reversal of the judgment appealed from.

It must consequently be affirmed, with costs.

All concur; REYNOLDS, C., not sitting.

Judgment affirmed.