## SELYE v. ZIMMER.

(*Supreme Court, General Term, Fifth Department.* October, 1891.)

1. ACTION—CONTRACT OR TORT—SURPLUS ALLEGATIONS.

A complaint alleged that plaintiff placed a note, made by himself and one P., in the hands of defendant, under an agreement that defendant should procure the discount of the note, and pay the proceeds to one F., on plaintiff's order, for work done in improving certain property owned by plaintiff; that defendant received the proceeds of the note, ($1,628;) that plaintiff drew orders on defendant in favor of F., not exceeding $500, when F. abandoned the work, and plaintiff was compelled to pay the note; that he demanded of defendant the balance of the proceeds of the note, which defendant refused, and that defendant "has converted them [the proceeds] to his own use." Plaintiff gave evidence to substantiate the averments of the complaint. *Held*, that the complaint alleged a cause of action on a contract, and the averment of defendant's refusal to pay, and that he converted the moneys to his own use, did not make the action sound in tort, but was mere surplusage.

2. NECESSARY PARTIES—INTEREST IN CONTROVERSY.

It such case it appeared that the property intended to be improved by F. was the sole property of plaintiff, and that P., who was a married woman, had no interest in the proceeds of the note, except that the note contained a clause to bind her separate estate. *Held*, that P. was not a necessary party to the action.

3. MONEY HAD AND RECEIVED—AMOUNT OF RECOVERY—EVIDENCE.

In an action to recover the proceeds of a note received by defendant for plaintiff's use, plaintiff's evidence tended to show that defendant was entitled to a credit of about $450. Defendant introduced no evidence. *Held*, that plaintiff's evidence would be construed most strongly against himself, and defendant should be allowed a credit of $450.

Appeal from circuit court, Monroe county.

Action by De Villo W. Selye against Frederick Zimmer. From a judgment entered on a verdict directed by the court in favor of plaintiff, and from an order denying a motion for a new trial on the minutes, defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*H. B. Hallock,* for appellant. *M. W. Cooke,* for respondent.

DWIGHT, P. J. The complaint in the action set out with great circumstantiality the details of a transaction between the parties and one Ford, the effect of which was that the plaintiff placed in the hands of the defendant a note of $1,625, made by himself and one Josephine S. Parker, with a mortgage on real estate owned by him, to be used as collateral thereto, under an agreement that the defendant should procure the discount of the note and pay the proceeds to Ford, on the orders of the plaintiff, for certain work to be done by the latter in the improvement of the real estate mortgaged, and as the work should progress; that the defendant, on May 12, 1884, received as the avails of such discount (the note being on interest, and having run some time before it was discounted) the sum of $1,628.05; that the plaintiff drew several orders on the defendant in favor of Ford, but, as the complaint alleges, not to exceed $500 in amount, when Ford abandoned the work and absconded, and the plaintiff was compelled to pay the note; that he afterwards demanded of the defendant that he account for and pay over to him the balance of the moneys received on the note, which the defendant has neglected and refused to do, "and," the pleader adds, "has converted them to his own use." The defendant, by his answer, admits the delivery of the note and mortgage to him "for the purpose of having the same discounted, as alleged in said complaint," and that he procured such discount, and avers that he paid the proceeds thereof to Ford. He denies that he agreed to pay the proceeds of the note to Ford as the latter should do the proposed work, and on the order of the plaintiff, but avers that he was to pay over the money to Ford as soon as the note should be discounted. Upon the issues thus joined the plaintiff gave evidence tending to substantiate all the material allegations of his complaint, among other things tending to show that he had drawn orders in favor of Ford to the amount of $450, which had been paid by the defendant. The defendant gave no evidence, but moved for a nonsuit, and for the direction of a verdict in his favor, on the grounds: (1) That Josephine S. Parker, the other maker of the note, was a necessary party to the action; (2) that there was no measure of damages shown, nor basis from which the court could compute damages; (3) that the cause of action alleged in the complaint is in tort, and the proof shows only a liability for breach of contract. The defendant's motions were severally denied, and the court directed a verdict for the plaintiff, to all of which rulings the defendant excepted.

There was no force in the first ground of the defendant's motions. There was nothing in the evidence to show that the second maker of the note had any interest in the fund in the hands of the defendant, except that the note contained the usual clause to bind a married woman's separate estate, including the statement that it was for her benefit; whereas, the undisputed evidence showed that the land to be improved was the sole property of the plaintiff. Besides, the objection, if any, for defect of parties plaintiff, was waived by not being taken either by demurrer or answer. Code Civil Proc. § 488, subd. 6, and § 499.

The objection that the cause of action stated in the complaint is in tort, while that established by the proof is on contract, is not tenable. A complete cause of action on contract is alleged and is proved as alleged; and the plaintiff does not, by adding to the allegation of a refusal to pay an assertion that the de-

fendant has converted the money to his own use, convert the action into one for tort; the addition is mere surplusage, under the circumstances. *Segelken* v. *Meyer*, 94 N. Y. 474. Such words may be construed as adding force to the allegation of a breach of the agreement, but they do not, when considered in connection with previous allegations, make the complaint one for the wrongful conversion of the money. *Austin* v. *Rawdon*, 44 N. Y. 63. The cases of *Conaughty* v. *Nichols*, 42 N. Y. 83, and *Vilmar* v. *Schall*, 61 N. Y. 564, are to the same effect; and that of *People* v. *Wood*, 121 N. Y. 522, 24 N. E. Rep. 952, is authority for the proposition that if, upon the facts alleged, a cause of action in tort as well as one on contract might be spelled out, it is optional with the plaintiff to waive the tort and rely upon *assumpsit*. There can be no question but that the proofs support the cause of action alleged in the complaint, viz., a cause of action sounding in contract. The statement in the brief for the appellant, to the effect that the court below held it to be a cause of action in tort, finds no support in the record before us.

But there is an apparent discrepancy between the proofs and the verdict, in respect to the measure of the recovery, which we are unable to reconcile. The amount of money received by the defendant was $1,628.05. This was to be reduced, for the purpose of the recovery, by the amount paid out by the defendant on the orders of the plaintiff. The evidence, which was altogether that on the part of the plaintiff, tends to show that the amount so paid out was $450. The plaintiff drew three orders, all of which were found in the possession of the defendant, and were presumably paid by him. Moreover, one of the plaintiff's witnesses testifies that three orders were in fact paid, and by the plaintiff's own testimony those orders were, respectively, for $150, "$100, or $150," and "about $150." This evidence must, of course, be taken most strongly against the plaintiff, and, so considered, it fixes the amount of the three orders at $450. The defendant was allowed a credit of only $375. Why that amount, it is difficult to see, unless because the plaintiff, in his testimony, estimates the value of the work done by Ford at that sum. But it is plain that such estimate cannot limit the credit due to the defendant when it appears that the orders actually drawn by the plaintiff and paid by the defendant amount to the greater sum. It is true that the plaintiff testifies that he attempted to countermand the last of the three orders, but there is no evidence that the countermand was received before the order was paid. No one of the exceptions taken to rulings of the court on questions of evidence seems to indicate error. The recovery should be reduced by the sum of $75 and interest, and the judgment should be affirmed, if the plaintiff consents to such modification. Judgment reversed, and a new trial granted, with costs to abide the event, unless the plaintiff stipulate to deduct from the amount for which judgment was entered the sum of $75, with interest thereon from May 12, 1884, to the date of the entry of judgment, and, if such stipulation is given, then the judgment is affirmed, without costs of this appeal to either party. All concur.