THE EMPIRE STATE TELEPHONE AND TELEGRAPH COMPANY, Respondent, *v.* FRANK A. ·BICKFORD, Appellant.

*Principal and agent — accounting — inclusion of tortious acts of the agent — equitable jurisdiction — reference.*

When the complaint, in an action brought by a telephone company against the manager of one of its offices for an accounting of his receipts and disbursements and losses occasioned by his mismanagement and wrongful acts, discloses the fiduciary relation of principal and agent, continuing through a series of years, involving the daily receipt and disbursement of moneys by the agent for the principal, with the consequent duty to account from time to time, and the failure to account or the rendition of false accounts, a case of equitable jurisdiction to compel an accounting is presented, which is properly referable to a referee to hear and determine.

An accounting, based upon such fiduciary relation of principal and agent, will be made to embrace questions of fraud, neglect and mismanagement, and this is so even though some of the allegations of the complaint might have afforded ground for an action of tort, as, *e. g.*, allegations of the conversion by the defendant of property of the plaintiff, and injury to the plaintiff's business caused by the defendant's attempt to organize a competing telephone business, constituting part and parcel of the course of dealing of the agent with the property and interests of the principal.

APPEAL by the defendant, Frank A. Bickford, from an order of the Supreme Court, made at the Monroe Special Term upon the motion of the plaintiff, and entered in the office of the clerk of Cayuga county on the 5th day of May, 1893, referring the issues in the action to a referee to hear and determine.

*T. E. Courtney,* for the appellant.

*F. E. Storke,* for the respondent.

DWIGHT, P. J. :

The action was brought to obtain an accounting by the defendant, of his agency for the plaintiff as manager of its office and business at Cortland, for a period of nine years ending with the 31st day of December, 1892. The business so managed by the defendant was that of a telephone exchange through which communications were carried on between about 135 subscribers, besides what was known as toll or trunk line business. The complaint further alleges that during the period of his agency the defendant rendered to the plaintiff frequent reports, in items, which purported to contain a true account of the receipts and disbursements of the office, but that after defendant was dismissed from the service of the plaintiff in December, 1892, the plaintiff, for the first time, discovered that those reports were incorrect and untrue in many particulars both as to receipts by the defendant to the use of the plaintiff, and as to disbursements which were charged as having been made in its behalf, the items, amounts and dates of which are known to the defendant but are unknown to the plaintiff.

The complaint also alleges that for a considerable time before his dismissal the defendant had entertained the purpose to establish a telephone business in the village of Cortland in opposition to that of the plaintiff, and in furtherance of that plan had taken in his own name a lease of the office occupied by the plaintiff, without its knowledge ; and had negligently and willfully permitted the plant and property and service of the plaintiff, under his charge, to deteriorate and become less effective than if properly and faithfully cared for and managed by him, and had thereby caused the patrons of the plaintiff to become dissatisfied with such service, and had imputed the fault of such deterioration to the plaintiff ; that in

further execution of his plan the defendant had appropriated and converted to his own use certain structures and apparatus belonging to the plaintiff and used by it in the operation of its business, and had refused to deliver possession of the same to the plaintiff on demand ; that by reason of such acts and omissions on the part of the defendant the plaintiff has suffered great loss and damage in its business and revenue and been put to large expense, which loss and expense the plaintiff seeks to recover, when ascertained by a proper accounting, for all of which the plaintiff has no adequate remedy at law, and the plaintiff, therefore, demands judgment for an accounting by the defendant in respect to his receipts and disbursements of moneys belonging to the plaintiff ; in respect to the value of the cost and value of the articles of personal property of the plaintiff converted to his own use by the defendant ; determining the amount of loss and damage to the plaintiff in its business and revenue, and of the expense to which it has been put, by reason of the acts and omissions of the defendant before mentioned, and adjudging that the plaintiff recover of the defendant the amount found chargeable to him on such accounting.

The defendant, by his answer, admits the incorporation of the plaintiff, its business at Cortland and his employment therein as the plaintiff's agent and manager as alleged in the complaint. But he denies specifically all the allegations of violation of duty, bad faith and negligent and willful mismanagement on his part in that relation ; denies that he is indebted to the plaintiff in any sum for or by reason of any of the matters and things mentioned in the complaint ; pleads the Statute of Limitations, and that he has paid and settled in full for all the causes of action so alleged.

There can be no doubt that the complaint above sketched presents a case for the equitable cognizance of the court, and one which entitles the plaintiff to an accounting. Here was the fiduciary relation of principal and agent, continuing through a series of years, involving the daily receipt and disbursement of moneys by the latter for the former, with the consequent duty to account from time to time, and the failure to account, or what was worse, the rendition of false accounts. Nothing was wanting to give to equity jurisdiction to compel an accounting. In *Marvin* v. *Brooks* (94 N. Y. 71), FINCH, J., speaks of an agent so intrusted as standing in the

attitude of "a *quasi* trustee and by reason of that relation knowing what the other party cannot know, and bound to reveal to him the entire truth."

It is also by reason of this relation of trust and confidence, demanding absolute fidelity and the greatest diligence, that such an accounting will be made to embrace questions of fraud, neglect and mismanagement (*Christy* v. *Libby*, 5 Abb. Pr. [N. S.] 192; *Marston* v. *Gould*, 69 N. Y. 220), and this is true even though some of the allegations of the complaint might have afforded ground for an action of tort. (*Vilmar* v. *Schall*, 61 N. Y. 564.) In this case all the facts alleged, which suggest a cause of action *ex delictu*, constitute part and parcel of the course of dealing of the agent with the property and interests of the principal, and are, consequently, matters of which the plaintiff is as much entitled to an accounting as if no bad faith and willful violation of duty were charged.

The case made by the complaint being clearly one of equitable cognizance, and which entitles the plaintiff to an accounting, it was of course referable on the motion of either party, or of the court itself on the trial. The account of receipts and disbursements alone is a long one, both in point of time and necessarily in the number of its items. We think the reference was properly made, and that the order appealed from must be affirmed.

LEWIS and HAIGHT, JJ., concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.