# NEW YORK SUPERIOR COURT.

## Franz Delcomyn agt. John C. Chamberlain.

### *Taxation of costs.*

It is the duty of the clerk of the court, under section 311 of the Code, in the taxation of costs, to examine the charges for disbursements, and to disallow all which, in his judgment, are unreasonable or have been unnecessarily incurred.

Where the plaintiff, a resident of London, applied at special term for a commission to take his testimony, on his own behalf, by commissioners appointed in London, without any provision in the order granted for the expense of the commission, and on the trial the plaintiff recovered a judgment, and the clerk, on taxation of the costs, as a part of the plaintiff's disbursements, allowed the commissioners' fees, amounting to nearly $500,

*Held*, on appeal from this taxation, that it would be improper to charge the defendant with an expense incurred by his adversary, for his own benefit and convenience, and which was incurred under no compulsion of law.

It was competent for the plaintiff to have appeared at the trial and be examined on his own behalf. But if he had so attended he could not have been allowed fees as a witness. He would have had to go to his residence and return and be present at his own expense.

*Special Term, February,* 1875.

Appeal from a taxation of costs.

The plaintiff, a resident of London, for the purpose of testifying in his own behalf, applied to the special term for a commission, appointing commissioners in London, to take his deposition upon interrogatories.

The motion was granted; an order in the common form was entered, and a commission, with interrogatories and cross-interrogatories, was sent to London.

Delcomyn agt. Chamberlain. '

No provision was made in the order for the expense of the commission.

It was duly executed and returned, and used on the trial.

The plaintiff recovered a judgment, and the clerk, as a part of the plaintiff's disbursements, allowed the commissioners' fees, amounting to nearly $500.

*Mr. Edsall and Mr. Dunning,* for defendant.

*Mr. Lord,* for plaintiff.

MONELL, *C. J.*— The power to take the testimony of a witness residing out of the jurisdiction of the court is derived wholly from the statute (2 *R. S.*, 393, *sec.* 11). There is no common-law right (*McCall agt. Sun Mut. Ins. Co.*, 34 *Superior Ct. R.*, 310; *affirmed*, 50 *N. Y. R.*, 332).

Under the statute, the court may award the commission "upon such terms as it shall think proper." ·

In this case it would have been competent for the court, in the order awarding the commission, to have provided that, as the examination was wholly for the plaintiff's benefit, the commission should be executed at his expense. But there is no such provision in the order, and it was insisted that it was too late now to object.

The clerk is directed, upon the application of the prevailing party, to insert in the entry of judgment the costs and "necessary disbursements, * * * * including the reasonable compensation of commissioners in taking depositions." The disbursements must be stated in detail, and verified by affidavit (*Code, sec.* 311).

It is the duty of the clerk to examine the charges, and to disallow all which, in his judgment, are unreasonable or have been unnecessarily incurred.

The proper place, therefore, to object is before the taxing officer, although a more convenient practice would be to settle the question in the order granting the commission, when the court can impose such terms as may be proper.

Delcomyn agt. Chamberlain.

The only objection which can be taken now is, that the commissioners' fees or charges were not a necessary disbursement.

The provision allowing the examination of a party as a witness on his own behalf, on commission, "in the same manner and subject to the same rules of examination as any other witness" (*Code, sec.* 399), does not place a party in the same condition of any other witness in anything more than the mode of obtaining a commission and the form of executing it. The same section also allows the examination at the trial; and it was long since settled that a party attending the trial as a witness, and being examined in his own behalf, could not be allowed witnesses' fees (*Steere* agt. *Miller,* 28 *How. Pr. R.,* 266; *affirmed, Court of Appeals,* 30 *id.,* 7).

A necessary disbursement is such as a party is compelled to make or incur, incident to the regular proceedings in the action, and to bring it to trial according to the course and practice of the courts. He has the right to obtain the proper evidence to sustain his case, and to use the means provided by law to secure it. He has neither legal or physical power over his witnesses, but must use the power given to the courts to obtain their attendance; and as they are entitled to certain fees for their attendance, he must pay them.

The compulsion, therefore, which rests upon a party to pay fees to officers of the court, and to witnesses, commissioners, referee, &c., which the law requires him to pay, in the progress of his action to trial and judgment, renders such payments necessary. They cannot be avoided, and are part of the burdens which rest upon litigants.

But being paid under a legal compulsion, and thereby made necessary, they may be properly included in the judgment.

When, however, no such compulsion exists, and the law does not require the fee to be paid as a means of obtaining the service, and the payment is voluntarily made or incurred, it cannot be claimed to have been necessarily paid.

In this case, it was competent for the plaintiff to have appeared at the trial and be examined on his own behalf.

But, as we have seen, had he so attended he could not have been allowed fees as a witness. He would have had to go and return and be present at his own expense. Instead of attending the trial, he availed himself of the provision of law which allowed his deposition to be taken through commissioners. This substitute for his attendance on the trial was wholly for his own convenience, and possibly to save the time and expense of a journey from London to this city. But had he made the journey he could not have been allowed for the time consumed nor for the expense incurred.

It was not necessary to take the plaintiff's deposition. Over an ordinary witness residing out of the jurisdiction of the court, neither a party nor the court has any power, and his attendance on the trial cannot be compelled. In that case it is a necessity to take his deposition.

But a party has power over himself, and the necessity of a commission does not exist. He can go to the trial. It needs but his own volition, and cannot require the process of the court to secure his attendance. If for any reason he avails himself of a commission, there is no more propriety in allowing him to charge the expenses upon his adversary than if he attended the trial, to charge witnesses' fees.

The cases are parallel.

The necessity of a disbursement depends upon whether a party must pay or incur it. If the law does not require its payment, and it is merely for the convenience of the party, it cannot be said to be necessary.

In *Goodyear* agt. *Baird* (11 *How. Pr. R.*, 377), a jury fee was disallowed as unnecessary in an inquest, the defendant failing to appear.

In *Haynes* agt. *Mosher* (15 *id.*, 216), a surveyor's fee was not allowed, as it was not a disbursement in the action, although necessary to enable the surveyor to testify.

In *Pike* agt. *Nash* (16 *id.*, 53), witnesses' fees attending the circuit, at which the cause was referred, were disallowed

as not necessary, the party knowing that according to the ordinary practice of the court the action would be referred.

In *Case* agt. *Price* (17 *id.*, 348), the charge of two dollars for each additional defendant was stricken out, for the reason that the defendants were not necessary parties.

And in *Hamilton* agt. *Butler* (30 *id.*, 36), a sum paid for a copy of the stenographer's notes, used on a second trial, was disallowed. The court says: "These notes, although very useful, were not necessary disbursements. Any other notes would have answered the same purpose."

This is a new question, but I am satisfied that it would be improper to charge the defendant with an expense incurred by his adversary for his own benefit and convenience, and which was incurred under no compulsion of law.

There are many expenses incurred during the progress of an action which are not chargeable upon the unsuccessful party; and the provision authorizing an extra allowance was doubtless designed to cover, in some measure, the extra outlay where the taxable costs do not sufficiently indemnify for the labor of counsel, and the necessary and reasonable expenses of the successful party (*Burke* agt. *Candee*, 63 *Barb. R.*, 552).

There must be a retaxation and a disallowance of the commissioners' fees on the plaintiff's commission.