ST. LAWRENCE & A. R. CO. v. DE CAMP et al., (two cases.)

(Supreme Court, Special Term, Herkimer County. March 4, 1893.)

COSTS IN CONDEMNATION PROCEEDINGS—EXTRA ALLOWANCE.
The additional allowance which Code Civil Proc. § 3372, provides may be granted to the prevailing party in condemnation proceedings, not exceeding 5 per cent. on the amount awarded, is intended as an indemnity to the party succeeding in the litigation, the amount of which is to be fixed by the court according to the facts of each case.

Application of the St. Lawrence & Adirondack Railroad Company to condemn land of Julia L. De Camp and others. The reports of the commissioner awarding damages are not objected to. The landowners move to confirm the report, and ask for an additional allowance. Motion granted.

For former reports, see 18 N. Y. Supp. 945; 21 N. Y. Supp. 131; 31 N. E. Rep. 218.

C. D. Adams, for the motion.
Charles E. Snyder, opposed.

HARDIN, J. It appears the proceedings were instituted in December, 1892, to condemn the lands referred to in the two proceedings, amounting to about 153 acres. It appears that the defendant owned in that vicinity about 6,000 acres in township 1, and 12,000 acres in township 7, which are alleged to be affected by reason of the construction of the plaintiff's road along the line occupying a distance of some 11 miles across the lands. There is a stream called the "North Branch" of the Moose river in the vicinity of the location of the road. Sundry questions were apparently raised upon the hearing in respect to the magnitude of the damages sustained by the defendants by reason of appropriating the lands needed by the plaintiff for the construction of its road. It appears from the papers and affidavits produced that answers were served and issues joined and a reference was had to W. S. Andrews, Esq., to take proofs in respect to the issues raised by the answers, and that his report upon those issues, after hearing the evidence, was favorable to the plaintiff. Thereafter commissioners were appointed, and they proceeded to investigate the questions relating to the extent of damages which the plaintiff should pay as a condition of acquiring the lands sought in these proceedings for the purpose of its railroad. Preliminary examination by the commissioners and the counsel of the parties was had in the early stage of the proceedings, obeying that provision of the statute which requires the commissioners to view the premises; and it is said in an affidavit produced that that preliminary examination occupied some two days, and thereafter proceedings were adjourned, and evidence taken at considerable length, occupying, it is said, six days, and that in reducing the evidence there appears to have been 401 pages of type-written matter; and subsequent to the taking of the evidence preparations were made for

summing up the case before the commissioners, and the case was summed up, and submitted to the commissioners, who thereafter made and delivered their several reports. In township 1 it appears the commissioners allowed $3,112.48; in township No. 7 the commissioners allowed $12,120.64; making an aggregate of allowance in the two cases of $15,233.12. It appears from the papers before the court now that in township 1 the plaintiff made a written offer of $200, and in township No. 7 a written offer was made of $920, making the total amount of the two offers $1,120. It appears from statements made by counsel, supported by the evidence, that there was a wide range in the inquiry as to what were the damages. The range extended so far as to be, in behalf of the defendants, a large sum beyond such sum as has been awarded. Apparently the defendants sought to establish that the damages were over $50,000; while on the other hand the plaintiff sought to show that the damages didn't amount to anything, the benefits being equal to all the incidental injuries or damages which might come to the property of the defendants.

It must be assumed here, from the character of the commissioners, that careful attention was given to the evidence, and a just solution made of the questions submitted to the commission. Therefore it is to be assumed that the award is a just award, and the motives of the parties on either side antecedent to that are not to be considered on the question which is now submitted to the court, as to whether there should be an extra allowance or not, and, if so, what that allowance should be. Incidentally, the learned counsel for the plaintiff calls attention to the circumstances that appear from the answers that were interposed, that minor defenses were suggested, which proved unavailing before the referee, and that the plaintiff was successful upon those issues. Some force must be given, perhaps, to that suggestion, but no more force than simply, perhaps, to intimate that what took place before the referee is not to be considered upon the question of an extra allowance. The statute seems to have provided that, when these parties found themselves differing, failing in a negotiation which perhaps was reasonable on one side and unreasonable on the other, a formal offer might be made, analogous to the offer made in an ordinary action, and that then there is a provision in the statute that, if the party making the offer is successful in the hearing, why, he may obtain costs, and throw the costs on the other party. In this case the offer was inadequate. It seems to have been only about one-fifteenth of what was actually recovered. It must be assumed, therefore, that the beneficial provisions of the statute relating to the provisions as to an offer are unavailing to the plaintiff on this occasion. We come, then, down to the question of whether or not this is a proper case for extra allowance, in the light of the facts and circumstances that are presented by the affidavits and proofs that are submitted. Since the last revision of the condemnation law these applications have not been very numerous. I have had occasion to act once or twice under section 3372 of the Code of Civil Pro-

cedure, which relates to the question now before the court. In that section it is provided as follows:

"If the compensation awarded shall exceed the amount of the offer, with interest at the time it was made, or if no offer was made, the court shall in the final order direct that the defendant recover of the plaintiff the costs of the proceeding, to be taxed by the clerk at the same rate as is allowed of course to the defendant when he is the prevailing party in an action in the supreme court, including the allowances for proceedings before and after notice of trial, and the court may also grant an additional allowance of costs, not exceeding five per centum upon the amount awarded."

Under this provision it is to be observed that the defendants are entitled by the statute to a taxed bill of costs. In that taxed bill they are entitled to proceedings before and after notice of trial; in short, about the same provision as is made in an ordinary action. Now, in considering the latter part of the statute just quoted, "and the court may also grant an additional allowance of costs, not exceeding five per centum upon the amount awarded," it is proper to call to mind some adjudications that have been made under a somewhat similar statute authorizing allowances of costs. It has been said that this provision is not to be applied as punitive by reason of improper motives on the part of litigants; neither is it to be applied in sympathy with the party who has had a long and tedious litigation; but it is to be considered rather in the light of a statutory provision for indemnity. I had occasion a good while ago to consider the sections of the Code that are analogous to this in a case that presented very exceptional features. It was an action where the amount involved was $30,000, and there had been success on one side and defeat on the other, and it was said the defeat was very severe; that it overruled supposed equities, and that it was a defeat which was on people who could ill afford it; and counsel, who were then before the court,—none other than two gentlemen who have since been judges of the court, Judge Noxon and Judge Kennedy,—argued the motion which was submitted, and I took pains to look up the statute, and the cases applicable to it, and write an opinion, which I have put my hand on, and I find in that opinion some things that are applicable here, and therefore I turn now to Burke v. Candee, 63 Barb. 552. In that case it was held as follows:

"An additional allowance is made by way of an idemnity to the party succeeding in the litigation. The court must fix the amount to be allowed, subject to the limitation in the statute that the maximum shall not exceed five per cent. 'on the amount of the recovery or claim or subject-matter involved;' the sum will depend upon the proper deductions from the proofs submitted as to the indemnity needed for actual expenses in the action, necessarily or reasonably incurred beyond the taxable costs allowed by statute to the prevailing party."

This case has been referred to approvingly in Gooding v. Brown, 21 Wkly. Dig. 47; Tolman v. Railroad Co., 31 Hun, 403; and Delcomyn v. Chamberlain, 48 How. Pr. 413; therefore, the rule seems to be well established. Applying the principle there laid down to the facts before the court on this occasion, the inquiry is, what is a fair compensation—what is a fair indemnity—to the party who

is successful, and entitled to have the benefit of this section?    Now, upon the subject of what is a fair compensation, we have the affidavit of the counsel who conducted the proceedings in behalf of the defendants to the effect that something like two month's time had been expended in handling these proceedings.    I think, howver, analyzing that affidavit, that some of the time that is referred to there may have been spent in the reference before Mr. Andrews; but there is another clause in that affidavit which is to be considered, and that is that beyond the taxable costs, and beyond the witness fees, the party has necessarily expended some $500.    Now, it is a delicate question always to determine what an attorney's services are worth in proceedings of this character; and perhaps, making due allowance for the days that may have been spent before Mr. Andrews, and eliminating them from this affidavit, there would be days enough left, if the price per day was made high enough, to absorb the full sum which the statute would authorize to be allowed in this case.    On the other hand, the learned counsel who opposes this motion has omitted to submit an affidavit belittling the actual services that were rendered against him, either as to their value and good faith in the application of them to the issues, or in belittling the number of days that were used. If the counsel in behalf of the plaintiff had submitted an affidavit that required the affidavit submitted in behalf of the defendants to be taken with some grains of salt, a different question would be presented from what there is now upon the proofs.    The upshot of all this proof before the court on this occasion is that there has been a good deal of professional labor bestowed upon the questions that were legitimately before the commissioners.    Now, assuming that from these two cases the defendants get a taxed bill of costs which amounts to perhaps $65 or so in each case, there remains the pertinent inquiry, how much is needed to indemnify—to use the language laid down in Burke v. Candee—the defendants, by reason of the contest that has been had?    I am a little perplexed to ascertain accurately, perhaps, what should be allowed.    I have reached the conclusion, however, as I must dispose of it on this occasion, that an allowance is permitted by statute in this case of 5 per cent., and that, if there were no questions which addressed themselves to the discretion of the court, perhaps that should be the amount; but, under all the circumstances, giving a little weight to what circumstances are presented as having some significance by the learned counsel for the plaintiff, I have concluded, and do now conclude, to allow the sum of 4 per cent. upon the recovery in the respective cases.    An order to that effect will be allowed, with $10 costs of this motion for preparing, serving, and settling the order.