Andrews, Ch. J.
 

 We think the question of the power of the court to grant an extra allowance was brought before the general term by the appeal from that part of the judgment by which the award was made.
 

 The granting of an extra allowance under § 3252 of the Code can never be demanded as a legal right, but is in the discretion of the court. Whether an allowance shall be made in cases coming within the section is a question which arises after the trial and determination of the issues. The court may determine the question upon the facts disclosed on the trial, or brought to its attention by affidavits. When an allowance is made it enters into the judgment and is collectible by force of the judgment.
 

 The propriety of the allowance may be reviewed by the general term on appeal from the judgment, and we think it is not a case where a formal exception must have been taken to enable the general term to review the discretion or the legal right of the court below to make the award. And we are also of the opin
 
 *336
 
 ion that this court can, on an appeal from the decision of the general term, pass upon the question of the legal right involved. The case is anomalous, but there seems to be no good reason why, for the purpose of reviewing the allowance, the same rule should not prevail as on appeals from orders in respect to the absence of an exception. The allowance is in substance an order incorporated in the judgment.
 

 Upon the merits we are of the opinion that there was no basis in the facts before the trial judge for fixing an allowance in this case. The allowance to be made under § 3253 is a percentage on “ the sum recovered or claimed, or the value of the subject-matter involved.” The allowance in this case was based on the value of the right to the use of the name by the Germania Company. The answer in connection with the allegation that the name was the property of the two companies, alleges “ that the said name possessed and possesses a pecuniary value of $50,000.” The Germania Company based its demand of affirmative relief upon the allegation of a joint right to the use of the name, and that it had been deprived of the benefit thereof. The right to the use of the name “New York Underwriters Agency” was a “subject-matter ” involved in the issue presented by the Germania Company in its answer. But the difficulty in maintaining the award of the special term arises from the fact that there was no evidence of the value of the right before the court. The averment of value contained in the answer was denied in the reply. Upon the pleadings, therefore, the fact was as though no averment of value had been made. The averment on one side was neutralized by the denial on the other, and the pleadings contained the only information as to value before the court. If extrinsic proof had been given a different question would have been presented. It is not sufficient to sustain the allowance that the case was one where there may have been a pecuniary value to the “ subject-matter ” involved in the litigation. If the value was not shown and no evidence, admission or proof given from which the court could arrive at any conclusion as to value, no allowance could be made.
 

 We think the order of the general term should be affirmed.
 

 Order affirmed, with costs.
 

 All concur.