(10 Misc. Rep. 103.)

### SMALLWOOD et al. v. SCHWIETERING et al.

(Superior Court of New York City, Special Term.  October, 1894.)

COSTS—EXTRA ALLOWANCE—ACTION FOR INJUNCTION.
    Under Code Civ. Proc. § 3253, providing for an extra allowance of 5 per cent. "on the value of the subject-matter involved," an extra allowance will not be granted in an action to enjoin a sale of stock, as the "subject-matter involved" is the right to sell, the value of which cannot be computed.

Action by John H. Smallwood and others against Herman H. Schwietering and others to enjoin the sale of stock.  A decision was rendered in favor of defendants, who move for an extra allowance.  Motion denied.

Larned, Warren & Knapp, for the motion.
Preston Stevenson, opposed.

GILDERSLEEVE, J.  This is a motion for an additional allowance.  The action was brought to restrain the defendants from disposing of certain shares of stock which had been given to them as security for the payment of certain promissory notes.  The trial occupied several days, and resulted in favor of the defendants, who now move for an extra allowance.  While it may be conceded that the action is a difficult and extraordinary one within the meaning of the statute (Code, § 3253), still I can find nothing upon which to base an extra allowance.  The statute allows 5 per centum "upon the sum recovered or claimed, or the value of the subject-matter involved."  There is no sum recovered or claimed, and no method of fixing the definite value of the subject-matter involved.  The right of the defendants to sell the shares of stock at their pleasure, and without notice to the plaintiffs, is the subject-matter involved.  The amount of the promissory notes for which the shares were given as security was originally $10,000, but considerable sums have been paid upon these notes, both before and since the commencement of the action.  Some of the payments are not yet due.  Even if we assume that the shares of stock form the subject-matter involved, there is still nothing upon which to base an extra allowance; for it is impossible to say what these shares would have brought at the time of the commencement of the action, or what they would bring at the present time.  It is not sufficient that a case is one where there may have been a pecuniary value to the subject-matter involved in the litigation.  If the value is not shown and no evidence, admission, or proof given from which the court can arrive at any conclusion as to the value, no allowance can be made.  Hanover Fire Ins. Co. v. Germania Fire Ins. Co., 138 N. Y. 252, 33 N. E. 1065.  But the subject-matter of the action is the right of defendants to sell the shares without notice to the plaintiffs.  Of the value of this right there is no evidence.  It therefore seems to me that, although the case is a difficult and extraordinary one within the meaning of the statute, still, as the value of the

subject-matter involved cannot be computed, and no sum has been recovered or is claimed, it is not a proper case for an allowance. People v. Genesee Val. Canal R. Co., 95 N. Y. 666. Motion denied.