86  473
35ap627

---

MEYER RUBBER COMPANY, Appellant, *v.* THE LESTER SHOE COMPANY and Another, Respondents.

*Extra allowance — the discretion of the trial court, not disturbed — Code of Civil Procedure, § 3253.*

The matter of an extra allowance in a difficult and extraordinary case is so much within the discretion of the justice who tried the cause that an appellate court will seldom interfere.

Where such a motion was made upon affidavits, and also upon all the pleadings and proceedings had in the action, and the appeal book does not contain all of

them, the General Term will decline to interfere with an order which denies the successful party an extra allowance, but provides that, in case a motion for a new trial is made, or in case an appeal is taken by the unsuccessful party, the motion may be renewed.

APPEAL by the plaintiff, the Meyer Rubber Company, from an order of the Supreme Court, made at the Madison Special Term and entered in the office of the clerk of the county of Broome on the 2d day of October, 1894, denying an extra allowance to the plaintiff, but providing that, in case a motion for a new trial was made, or an appeal was taken by the defendants, the motion might be renewed.

In the notice of motion it was stated that it would be made upon certain affidavits mentioned in the notice, "and upon all of the pleadings and proceedings had and taken in this action." In the order the affidavits mentioned in the notice are enumerated as having been read and used, and that the motion was made thereon, "and upon all the proceedings had and taken in this action;" and the order, near its close, contained the following language: "Ordered, that an extra allowance to the plaintiff herein be, and the same hereby is, denied. In case motion for a new trial is made or appeal taken by defendants, then and in that case this motion may be renewed."

*T. B. & L. M. Merchant*, for the appellant.

*Carver, Deyo & Jenkins*, for the respondents.

HARDIN, P. J.:

In *Burke* v. *Candee* (63 Barb. 552) it was held, viz.: An additional allowance "is made by way of an indemnity to the party succeeding in the litigation." That case was referred to with approval in *Gooding* v. *Brown* (21 Wkly. Dig. 46); *Tolman* v. *Syracuse, B. & N. Y. R. R. Co.* (31 Hun, 403); and *Delcomyn* v. *Chamberlain* (48 How. Pr. 413).

Section 3253 of the Code of Civil Procedure provides that in an action which is "difficult and extraordinary" where a defense has been interposed, the court may, in its discretion, award to any party "a sum not exceeding five per centum upon the sum recovered or claimed or the value of the subject-matter involved." The affi-

davits. produced upon the motion tend to indicate that the case was difficult and extraordinary.

In *Morrison* v. *Agate* (9 Wkly. Dig. 286) it was said "that the determination of the question as to whether an action should be regarded as difficult and extraordinary, within the meaning of the Code of Procedure, involves so many considerations which are addressed to the discretion of the judge that the appellate court rarely interferes." The doctrine of that case was approved by this court in *Tolman* v. *Syracuse, B. & N. Y. R. R. Co.* (31 Hun, 403). In the latter case an order had been made for an extra allowance, and the court observed, " To reverse the order we should be obliged to say that the discretion of the trial judge was improperly exercised." In the case in hand we are not inclined to say that the discretion of the Special Term was improperly exercised, as the appeal book does not contain "all the proceedings had and taken in this action." It may be that the order in question was based upon a knowledge possessed by the court of "all the proceedings had and taken in this action," and that such knowledge is not revealed fully to us by the appeal book. This feature of the case is rendered probable by the circumstances that the judge who presided at the Special Term presided at the Circuit where the issues of fact were tried, and the trial thereof was presided over by him during the whole of a week of the Circuit. We are not prepared to attribute to the judge the views imputed to him found in the affidavits in the appeal book. The circumstances of the trial may have induced him to insert in the order the clause : " In case motion for a new trial is made or appeal taken by defendants then and in that case this motion may be renewed." Inasmuch as no motion for a new trial has been made or appeal taken by the defendants the privilege given by the clause just quoted is unavailing to the plaintiff. Some force and effect may have been given to the affidavits read by the defendants relating to the intimations theretofore made by the court in respect to the nature and character of the action, which affidavits the plaintiff had no opportunity to answer at the time the motion was heard. Possibly upon other and further affidavits the plaintiffs may be able to obtain leave to renew the motion, and having done so, to secure a further determination by the Special Term of the question whether, under all the circumstances surrounding the question as to the propriety of an extra

allowance, the discretion of the court should be exercised in favor of the plaintiff.

Rule 44 of the general rules of practice of the Supreme Court provides that "applications for an additional allowance can only be made to the court before which the trial is had." We think upon the papers before us we ought not to pass conclusively upon the question whether the plaintiff is entitled to an extra allowance, as that question cannot well be solved except upon a mature consideration of "all the proceedings had and taken" in the action and upon all the affidavits presented by either party relating thereto. We, therefore, affirm the order, without costs and without prejudice to the plaintiff's application at Special Term for leave to renew its motion.

MARTIN and MERWIN, JJ., concurred.

Order affirmed, without costs and without prejudice to an application by the plaintiff for leave to renew its motion for an extra allowance.