MEYER RUBBER COMPANY, Appellant, *v.* THE LESTER SHOE COMPANY and THE LESTERSHIRE BOOT AND SHOE COMPANY, Respondents.

*Costs — extra allowance — discretionary with the trial court — recovery of less than the amount claimed.*

The question whether an action should be regarded as difficult and extraordinary rests substantially in the judgment and discretion of the justice to whom the application is made, and the determination of the question ordinarily involves so many considerations which are addressed to his discretion that the appellate court will rarely interfere with his determination.

In such a case the fact that the prevailing party recovered a much smaller sum than he claimed may be allowed to influence the decision of the justice.

APPEAL by the plaintiff, the Meyer Rubber Company, from an order of the Supreme Court, made at the Madison Special Term and entered in the office of the clerk of the county of Broome on the 15th day of July, 1895, denying the plaintiff's motion for an extra allowance.

This was an action in replevin to recover the possession of property alleged to be of the value of $38,179.68. The greater part of the property claimed by plaintiff was found by the sheriff, and was delivered to plaintiff, the value thereof, as plaintiff alleged, being $37,410.03.

The action was based upon plaintiff's alleged right to rescind a sale of rubber goods made to the defendant, the Lester Shoe Company, upon the grounds that the sale and delivery of the goods had been procured by false and fraudulent representations as to the solvency of that defendant and with the intent not to pay therefor, and to cheat and defraud the plaintiff. The goods were transferred by the defendant, the said Lester Shoe Company, to the defendant,

the Lestershire Boot and Shoe Company, and it was claimed upon plaintiff's part that the whole transaction was part and parcel of a fraudulent scheme to cheat and defraud plaintiff and others, conceived and entered into by one Harry G. Lester, who composed the old firm of Lester & Co., and who originated and controlled, and was in fact, the sole owner and factor in the two corporations named as defendants in this action.

A defense was interposed upon the part of each defendant, by separate answers, whereby the fraud was denied, and the action was tried at the Broome Circuit, commencing April 30, 1894, before Mr. Justice FORBES and a jury, and resulted in a verdict for the plaintiff, awarding to it possession of the property recovered and delivered to it by the sheriff, and fixing its value at $37,410.03.

After the rendition of the verdict the defendant, the Lestershire Boot and Shoe Company, asked for time in which to prepare a proposed case and exceptions, upon which to make a motion for a new trial, and at the same time the plaintiff moved for an extra allowance upon the ground that the case was both difficult and extraordinary, and the court thereupon gave the said defendant ninety days additional time in which to prepare a case and exceptions upon which to move for a new trial, and directed that both defendants' motion for a new trial and plaintiff's motion for an additional allowance should be made before him at his chambers, and an order to that effect was there made.

The time allowed for the preparation of a proposed case and exceptions having expired, and no renewal or extension thereof having been sought by the defendants, and no motion having been made by them for a new trial, plaintiff made a renewal of its motion for an additional allowance, which was heard by Mr. Justice FORBES at an adjourned Special Term, at his chambers on September 29, 1894, and an order was there made denying plaintiff's application, with leave to renew under certain conditions.

From that order the plaintiff appealed to the General Term, which affirmed the said order in April, 1895, without costs and without prejudice to an application by the plaintiff for leave to renew its motion for an extra allowance.

The plaintiff thereafter noticed a motion for the Madison Special Term, on June 11, 1895, for leave to renew its motion for an addi-

tional allowance, and upon that day plaintiff's attorneys and counsel appeared before Mr. Justice FORBES, presiding at said term, he being the justice before whom the trial herein was had, and the court at that time entertained a motion for an additional allowance and there made the order appealed from.

In the order appealed from are found the following words: " Ordered, that the court hereby entertains said motion for additional allowance of costs herein, and hereby denies the same, with $10 costs of the motion." The order was certified to and entered on the 15th day of July, 1895, in the clerk's office of Broome county.

*T. B. & L. M. Merchant,* for the appellant.

*Carver, Deyo & Jenkins,* for the respondents.

HARDIN, P. J.:

On the 23d day of April, 1895, we affirmed an order made by the same trial justice, refusing an extra allowance. In the course of the opinion delivered on that occasion in behalf of this court it was said : " The affidavits produced upon the motion tend to indicate that the case was difficult and extraordinary." And it was further observed in the opinion that so many considerations are addressed to the discretion of the court upon such motions that the appellate court rarely interferes with the action of the trial judge ; and in support of that position we cited *Morrison* v. *Agate* (9 Wkly. Dig. 286) and *Tolman* v. *S. B. & N. Y. R. R. Co.* (31 Hun, 397, 403). And we affirmed the order then before us with the suggestion that the question could not be well answered except upon mature consideration of all the proceedings and affidavits relating to the questions which were before the trial judge ; and we gave leave to the plaintiff to apply at Special Term for leave to renew its motion. It seems such an application has been made to the Special Term and that leave was granted and the motion for an extra allowance was heard and determined by the Special Term adversely to the plaintiff. Additional papers were used upon that motion and are now brought before us by the appeal from the order now under consideration. Upon a careful examination of the papers now found in the appeal book, a severe and resolute conflict is found. Skilled and experienced practitioners are in conflict as to whether the case was diffi-

cult and extraordinary.    Affirmative affidavits that it was, and affirmative affidavits that it was not difficult and extraordinary are found in the appeal book.    The charge of the trial judge is also found in the appeal book, and the nature and character of the issues are fully discussed, and it is confidently asserted on behalf of the appellant that the case was difficult and extraordinary, and it is resolutely denied on the part of the respondents that the case was both difficult and extraordinary.    The trial judge was called upon to determine upon all the conflicting evidence before him, as well as upon his recollections of the trial, as to whether this was a proper case within the rules that are applicable to motions for an extra allowance, or not.    He has determined adversely, and in making that determination he has exercised his judgment and discretion.    It may be observed that the case was somewhat extraordinary, but some doubt may be entertained as to whether it was difficult.    Its determination at the Circuit turned upon the application of simple rules relating to fraud cases, and we may well hesitate to declare that the trial judge has abused his discretion in refusing an allowance, as that refusal may have been put upon the ground that no difficult questions of law were involved in the case.    As early as 29 New York, 423, it was decided that such applications were addressed to the sound discretion of the judge who was called upon to carry out the provisions of law upon the subject of allowances.    The rule does not seem to have been changed by section 3253 of the Code of Civil Procedure.    It was restated in *Tolman* v. *S. B. & N. Y. R. R. Co. (supra)*.

In *Morrison* v. *Agate* (20 Hun, 25) it was said : " The court does not encourage appeals upon mere matters of discretion, and it will only interfere when the discretion seems to have been abused, or in a plain case of its unwise exercise." And in *Bryon* v. *Durrie* (6 Abb. N. C. 140) it was said that whether an action should be regarded as difficult and extraordinary " rests substantially in the judgment and discretion of the judge to whom the application is made, and the determination of the question usually involves so many considerations which are addressed to the discretion of the judge, that the appellate court rarely interferes." (See, also, *Mutual Life Ins. Co.* v. *Cranwell*, 32 N. Y. St. Repr. 376 ; *Hanover Fire Ins. Co.* v. *Germania Fire Ins. Co.*, 138 N. Y. 252.)

The papers disclosed that the plaintiff made a claim for a larger amount of damages by reason of the detention of the goods than it was found entitled to upon the trial. That circumstance may have had some influence in the determination made by the trial judge in refusing an allowance. (*Burke* v. *Candee*, 63 Barb. 552.) Not being fully persuaded that the trial judge abused his discretion in denying the motion, we are not inclined to reverse the order made by him, after a full consideration of all the facts and circumstances disclosed in the present appeal book, and calling to mind all the circumstances that transpired before him at the time of the trial. The foregoing views lead us to sustain the order made at the Special Term.

MARTIN and MERWIN, JJ., concurred.

Order affirmed, without costs to either party.