PEOPLE v. ROCHESTER DIME SAVINGS & LOAN ASS'N.

(Supreme Court, Appellate Division, Fourth Department.   June 17, 1896.)

COSTS—EXTRA ALLOWANCE—ACTION TO DISSOLVE CORPORATION.
    Where the complaint, in an action to dissolve a corporation on the ground that it had forfeited its corporate rights, and to enjoin it and its officers from exercising corporate powers, is dismissed on the merits, it is proper to grant an extra allowance to defendant, the value of its franchise having been shown.

Appeal from special term.
Action by the people of the state of New York against the Rochester Dime Savings & Loan Association.   From an order granting an extra allowance to defendant, plaintiff appeals.   Modified.

Plaintiff's complaint stated that the superintendent of banks had in March, 1894, caused an examination to be made of the books, management, and affairs

of the defendant, and that the superintendent of banks had reported to the attorney general the results of such examination, and that the attorney general was of the opinion "that the facts so reported and believed by him to exist require that the defendant should be restrained from continuing to transact business; that its charter should be annulled, and a suitable person be appointed receiver of said corporation, to protect the property of said corporation for the benefit of persons entitled thereto; and, pending such action or proceeding, that a temporary injunction should be issued." The complaint also alleged that the defendant is insolvent, unable to pay its debts, and has violated various provisions of the laws under which it was incorporated. The complaint demanded judgment "dissolving the defendant corporation, and forfeiting its corporate rights, privileges, and franchises, and perpetually enjoining and restraining the defendant, its trustees, officers, and agents, from exercising any corporate powers, privileges, and franchises, and from transferring, disposing of, or in any manner interfering with, its property and assets," etc. An answer was served, containing denials, and setting up the status of the defendant and its assets. The issues were referred, tried, and the referee found, as conclusion of law, that the complaint herein be dismissed upon the merits, with costs. An application was made to the special term for an order directing an extra allowance of costs. The special term granted an order allowing $1,000. Plaintiff appeals from the order. Affidavits were read at the special term, in which it was shown "that the value of its franchise is reasonably the sum of $20,000," and that the case was difficult and extraordinary, and a detailed statement of the time spent in conducting the defense.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

T. E. Hancock, Atty. Gen., and W. E. Kisselburgh, for appellant. George W. Thomas and John Desmond, for respondent.

HARDIN, P. J. In Hudson River Tel. Co. v. Watervliet Turnpike Railway Co., 135 N. Y. 394, 32 N. E. 148, the subject-matter litigated was the right of the defendant to use the single-trolley system, and, in the course of the opinion, Maynard, J., said:

"If the right thus sought to be perpetually enjoined has a money value, and there was any evidence in the moving papers tending to establish such value, the court had jurisdiction to entertain the motion; and it was its duty to exercise its discretion, and dispose of the application upon its merits. We have examined the record sufficiently to satisfy us that there was some proof of this character."

The court in that case reversed an order which denied the application.

In Hanover Fire Ins. Co. v. Germania Fire Ins. Co., 138 N. Y. 252, 33 N. E. 1065, an action was brought to restrain the defendants from interfering with closing up the business of the New York Underwriters Agency; and the court held that no evidence was presented as to the value of the property right in the name, and therefore reversed an order which granted an extra allowance.

Following the doctrine of the cases just alluded to, we are of the opinion that the special term properly held that this was a case for the application of the section of the Code which authorizes an extra allowance in a difficult and extraordinary case. While we recognize the rule that, in cases coming within section 3253 of the Code of Civil Procedure, it is largely in the discretion of the court as to the amount of allowance (Meyer Rubber Co. v. Lester Shoe Co., 92 Hun, 52, 36 N. Y. Supp. 729), we are of the opinion, after an inspection of

the affidavits used at the special term, that the order should be modified by reducing the allowance from $1,000 to $500. We therefore modify the order.

Order modified by reducing the sum allowed to $500, and, as thus modified, affirmed, without costs to either party. All concur.