### LIEBETRUT et al. v. GASKIN.

(Supreme Court, Appellate Division, Fourth Department. December 9, 1898.)

1. APPEAL—FINDING OF FACT.

    Where the evidence is conflicting, and there is evidence sustaining a referee's report, it will not be disturbed on appeal.

2. EXTRA ALLOWANCE—ABUSE OF DISCRETION—APPEAL.

    Where the affidavits, and certificate of the referee that the case was difficult and extraordinary, require the special term to exercise its discretion in the matter of an extra allowance, its order will not be disturbed in absence of proof of discretion abused.

Appeal from special term.

Action by Edward J. Liebetrut and Louise F. Liebetrut against Thomas Gaskin. There was a judgment for defendant, and from the judgment and an order granting an additional allowance plaintiffs appeal. Affirmed.

Action to recover the possession of lot 9 in block C, being 50 feet front on Ontario avenue and 133 feet deep, in the city of Niagara Falls, more particularly described in the complaint, and $2,000 for withholding the possession thereof. The answer sets up that "neither plaintiffs, their ancestors, predecessors, nor grantors were seised or possessed of the premises described in the complaint, or any part thereof, within twenty years before the commencement of this action"; and alleges "that defendant, his grantors and predecessors, have held and possessed the premises adversely to the pretended title of the plaintiffs for twenty years last past, before the commencement of this action under a claim of title in fee, exclusive of any other right"; and that the defendant "entered into possession of said premises under a claim of title exclusive of any other right, founding such claim upon a written instrument, to wit, a deed from Elizabeth Harroun to defendant of the premises, which deed was dated October 20, 1881; and defendant has continued in possession of said premises from the date of said deed; that said Elizabeth Harroun entered into possession of said premises under claim of title exclusive of any other right, founding such claim upon a deed from the heirs of one Marcus Adams to Elizabeth Harroun, which deed was dated October 8, 1872; and said Harroun continued in possession of said premises as aforesaid from the date of said deed to October 20, 1881." It is also alleged "that in 1868 said Marcus Adams died intestate, leaving heirs at law; that for twelve years prior to his death said Adams had been in possession of said premises under a claim of title exclusive of any other right; that he had inclosed, fenced, and cultivated the same, and at the time of his death said premises were continued in the possession of his said heirs and representatives under said claim of right until they conveyed the same by deed to said Elizabeth Harroun as aforesaid." It is also averred that the defendant has made valuable and expensive improvements upon said premises since he became the owner as aforesaid. The issues were referred to a referee, who reported in favor of the defendant upon the merits. Plaintiffs appeal from the judgment entered thereon, and also from an order granting an additional allowance of $200 made at the Erie special term, upon affidavits and upon the certificate of the referee that the case was difficult and extraordinary.

The plaintiff Edward became of age on September 20, 1873, and the plaintiff Louise became 21 years of age September 21, 1875, and the action was commenced on the 10th of March, 1897. The referee finds: "That in the year 1863 one Marcus Adams inclosed the premises described in the complaint, with other lands, by a substantial inclosure, claiming title to said lands, and cultivated said lands for a portion of the time thereafter to the time of his death, and maintained a substantial inclosure around said lands until his decease, claiming title thereto; that said Marcus Adams died August 8, 1868, intestate, leaving a widow, who died in the year 1873," and leaving, him surviving, several children, among them Elizabeth Harroun; that, after Marcus Adams died, his heirs at law continued to maintain "a substantial inclosure around said premises under claim of title thereto until October 8, 1872, when the other heirs of said Marcus Adams conveyed the premises described in the complaint herein, with other parts of the land so inclosed by said Marcus Adams, to Elizabeth Harroun, one of the heirs of said Marcus Adams, by a warranty deed, which was recorded in Niagara county clerk's office on the 13th day of January, 1873." The referee also found that after said conveyance "she claimed to own said premises," and caused the premises so conveyed to her soon thereafter to be separated from the other lands inclosed by said Marcus Adams "by substantial fences, and maintained the same, and that the fences erected by said Marcus Adams were maintained down to the time the premises described in the complaint were conveyed to the defendant, and inclosed by him; that on or about the 20th day of October, 1881, Elizabeth Harroun, then claiming to be the owner of said premises, conveyed the premises described in the complaint, with other parts of the premises so conveyed to her, to the defendant herein by a warranty deed," which was immediately recorded, and entered upon the premises, "and that said premises remained inclosed with the other lands deeded to said Elizabeth Harroun up to about the spring of 1882, when the defendant took possession of the premises conveyed to him by said Elizabeth Harroun, and built a division fence between the premises conveyed to him and the other lands of said Elizabeth Harroun, and erected a house thereon, and has since occupied said premises as his home, claiming title thereto by virtue of the deed from said Elizabeth Harroun." The referee found as conclusion of law "that the defendant was, at the commencement of this action, the owner of the premises described in the complaint, and entitled to the possession of the same." The referee also delivered an opinion stating the views he entertained of the case.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, and WARD, JJ.

Frank H. Innes, for appellants.
W. E. Willey, for respondent.

HARDIN, P. J. There was a conflict in the evidence in respect to adverse possession. It is contended by the appellants that the finding is against the weight of evidence. We have looked into the evidence, and are of the opinion that there was such a contrariety of facts disclosed by the witnesses that the referee was called upon to solve the question, and that there is evidence sustaining his report, and we are not inclined to disturb the same on the question of adverse possession. Barnes v. Light, 116 N. Y. 34, 22 N. E. 441; Railroad Co. v. Brennan, 12 App. Div. 106, 42 N. Y. Supp. 529.

2. The affidavits and the certificate of the referee called upon the special term to exercise its discretion in respect to the extra allowance made. We see nothing in the appeal book that leads us to the conclusion that the special term abused its discretion. Meyer Rubber Co. v. Lester Shoe Co., 86 Hun, 473, 33 N. Y. Supp. 888.

Judgment and order granting an extra allowance affirmed, with costs. All concur.